Mary Bergin (Mrs. William John Bergin), Individually and as the Mother and Next Friend of Daniel Bergin and Sheila Bergin, Her Minor Children, Plaintiff-Appellee, v. Board of Trustees of the Teachers' Retirement System, an Administrative Agency, James K. Bergin, and Mrs. William T. Bergin, Defendants.

On Appeal of Board of Trustees of the Teachers' Retirement System, an Administrative Agency.

Gen. No. 49,098.

First District, Second Division.

March 31, 1964.

William G. Clark, Attorney General, of Chicago (William C. Wines, Edward A. Berman and Cornelius F. Dore, Jr., Assistant Attorneys General, of counsel), for appellant.

Robert Chapman Buckley, of Chicago (Robert Chapman Buckley, Gerald M. Chapman, Franklin W. Klein and Arthur C. Thorpe, of counsel), for appellees.

MR. JUSTICE FRIEND delivered the opinion of the court:

This case involves the payment of death and survivors benefits under the Teachers' Retirement System of The School Code (Ill Rev Stats 1961, c 122, §§ 25–57 and 25–57.1). The Board of Trustees of the Teachers' Retirement System, an administrative agency, appeals from an order of the Circuit Court of Cook County finding for plaintiff Mary Bergin (Mrs. William John Bergin) individually and on behalf of her two minor children Daniel and Sheila Bergin.

William John Bergin was a teacher employed by the Board of Education of District No. 26 in Cook County, Illinois in 1953 and was therefore qualified and eligible to participate in benefits provided under the Teachers' Retirement System of Illinois. On January 31, 1953, while still single, he nominated and designated in writing his brother James K. Bergin and his mother Mrs. William T. Bergin, defendants but not appellants herein, as beneficiaries to receive his accumulated contributions and benefits in the event of his death. In 1956 William John Bergin married Mary Bergin. Two children, Daniel and Sheila Bergin, were born of the marriage. On December 5, 1959, while employed as a teacher, Bergin died.

On March 26, 1960, at a quarterly meeting of the board, it was decided by resolution to make payments under section 25–57.1 of the Illinois School Code in accordance with the deceased member's written nomination naming his brother James K. Bergin and his mother Mrs. William T. Bergin as his beneficiaries "to receive all the accumulated contributions and the

349

Death Benefits on the date of his death." On September 9, 1960 plaintiff was notified of the March 26, 1960 decision of the board which had determined that the designees were to receive the benefits under section 25–57.1 of The School Code. On October 13, 1960 plaintiff filed a complaint for administrative review of the board's decision. The board in turn filed a motion to strike and dismiss the complaint, which the trial judge denied. Next the board filed a motion to vacate the order denying the motion to strike the complaint, to which plaintiff filed an answer. After the board filed its answer to plaintiff's original complaint, a judgment order was entered on November 17, 1961 which reversed the resolution of the board and remanded the cause to it with directions to determine the survivor benefits to be paid to the surviving spouse and eligible children as provided by statute. On December 6, 1961 the board moved to vacate the judgment, the trial judge ordered that leave be given to plaintiff to file an answer instanter. Subsequently, on May 21, 1962, a judgment order was entered which modified the prior judgment order of November 17, 1961 and again remanded the cause to the board with explicit directions to provide an opportunity for plaintiff to make the election provided for in section 25–57.1(B)(2) of the School Code and thereafter to determine the benefits to be paid to plaintiff pursuant to section 25–57.1 of the School Code, and in the event she failed or declined to elect to receive the benefits provided for under section 25–57.1(B)(2), to determine the benefits payable to the estate of William J. Bergin, deceased, under section 25–57, and to proceed thereafter, in due course, pursuant to the provisions of the aforementioned sections. The board appeals from this order.

 Since there are no cases directly in point we must look exclusively to the statutes involved for the basis of our determination. The benefits arising

upon the death of a member of the Teachers' Retirement System are found in sections 25–57 and 25–57.1 of The School Code and must be read together in order to determine the benefits available to the beneficiaries of the deceased. The benefits under section 25–57 go to the estate of the member or to any person he has nominated; however, the benefits available under this section may be waived if a dependent beneficiary wishes to apply for benefits under part (B) (2) of section 25–57.1. The benefits under section 25–57.1 go to the estate of the member or to any person he has nominated unless "the beneficiary or beneficiaries of the member are not eligible for benefits under the remaining paragraphs of this section . . . ." Since plaintiff, the deceased member's widow, and her minor children are eligible for benefits under the remaining paragraphs of this section, namely, part (B)(2), the benefits under the first and general provision of section 25–57.1 are not applicable. Because Bergin died while in service as a teacher, part (B) of that section applies. The pertinent language of that part is as follows:

"(2) In lieu of the benefit provided under paragraph (B)(1) above, and the benefit provided by section 25–57, a dependent beneficiary of a member as herein defined, . . . may elect to receive the sum of $1000, divided by the number of such beneficiaries, together with an annuity as specified in the following paragraphs:"

Thus by the terms of part (2), a dependent beneficiary, whether designated or not, is given the right to elect to receive the benefits under this section. The right of anyone else to receive benefits under the death and survivor sections of The School Code is premised on the failure of the member's dependent beneficiaries to elect or on the lack of dependent beneficiaries.

Therefore, the designation made by the member will have to be disregarded to the extent that it conflicts with this right to elect which the dependent beneficiaries have.

The statute does, however, allow for some discretion on the part of the member. Part (3) of paragraph (A) is a definition of a dependent beneficiary; it provides that a dependent beneficiary includes (a) a spouse, (b) a child, and (c) a dependent parent of the member. The last sentence of part (3) provides the flexibility; it states: "Unless otherwise designated by the member, eligibility for benefits shall be in the order named, except that dependent parent shall not be eligible where any of the other foregoing dependent beneficiaries exist." In terms of part (2) of paragraph (B), this means that the right of a dependent beneficiary to elect shall be in the order named, unless otherwise designated by the member. Although the member has the right to prefer and designate one dependent beneficiary over another, a dependent parent cannot be designated as having the right to elect where any of the other dependent beneficiaries— the spouse and children of the member—exist. Since there exist dependent beneficiaries other than William Bergin's mother, they have the right to elect under part (2) of paragraph (B). The right to elect shall be in the order named. The failure of the dependent beneficiaries to elect will result in a distribution of the benefits according to the member's designations.

Thus, the member can alter the order of preference as between his surviving spouse or children, and may determine the order of preference as to surviving dependent parents, if not survived by a spouse or children. If he is not survived by dependent beneficiaries, or if he is and there is a failure to elect under part (2) of paragraph (B), the benefits go to the designated nondependent beneficiaries. If William Bergin

had made no designations, the benefits would have gone to his estate.

The judgment of the Circuit Court is affirmed and the cause is remanded for further proceedings not inconsistent with this opinion.

Judgment affirmed and cause remanded.

BRYANT, J., concurs.

BURKE, P. J., dissenting:

Plaintiffs argue that the General Assembly in amending the Teachers' Retirement Act to increase benefits to dependent beneficiaries precluded a teacher from nominating other beneficiaries except a "dependent" (specifying spouse, children, parents, brothers and sisters), and that therefore, not only future nominations but all prior designations by a member-teacher of any nondependent beneficiary are a nullity. Alternatively, plaintiffs say that because Mr. Bergin died so soon after the amendment to the Act, his failure to change the designation resulted from ignorance and should be disregarded. While admittedly one of the primary aims of the 1959 amendment was to afford greater economic security for the family of a deceased member eligible under secs 25–57 and 25–57.1 of the Act, the Illinois Legislature nevertheless evidenced a clear intention that the qualifying teacher during his lifetime have a right to nominate anyone as the beneficiary of his death and survivor's benefits.

The purpose of the 1959 amendment was not the elimination of "nondependent" beneficiaries as nominees when a teacher is survived by "dependents," and the provision that the member's estate receive death benefits where no person is nominated as beneficiary, or that the laws of descent and distribution be followed, cannot be read to always occur if a "de-

353

pendent" beneficiary is not designated. Had the Legislature intended to preclude the nomination of any nondependent beneficiary or beneficiaries whether before or after the liberalizing amendment of 1959, it could and would have eliminated the right to make nominations by written designation without carrying over into the amended Act the prior right. A member teacher's discretion to direct his benefits after death was not taken from him by the statutory amendment. While the Legislature might have removed "nondependents" as beneficiaries it did not do so. Within the very language granting larger annuities to dependent beneficiaries, the Legislature perpetuated the concept that a qualifying teacher who was entitled to receive benefits for his beneficiaries could nominate a dependent or nondependent should he choose, although the priorities among dependent beneficiaries is governed by paragraph A–3 of sec 25–57.1. The statute clearly permitted and recognized the right of a member of the Teachers' Retirement System to designate "nondependent" as well as "dependent" beneficiaries, for the receipt of death and survivor's benefits after death. The fact that in the case at bar the member died 4 or 5 months after the adoption of the amended Act cannot change the result by opening the door to an impossible judicial inquiry into what a member intended by a nomination or a failure to change a nomination. I think that the judgment should be reversed and the cause remanded with directions to affirm the decision of the Board of Trustees of the Teachers' Retirement System of Illinois.