Niles Improvement Association, a Non-Profit Corporation, Harris Trust & Savings Bank, Trustee Under Trust No. 13952 Dated April 1, 1956, Shelby C. Johnstone and Sharmer Johnstone, His Wife, Plaintiffs-Appellees, v. J. Emil Anderson & Son, Inc., a Corporation, Harcourt, Brace & World, Inc., a Corporation, A. Harold Anderson, Defendants-Appellants, Nicholas B. Blase and Robert H. Wente, and Village of Niles, Illinois, a Municipal Corporation, Defendants-Appellees.

Gen. No. 52,376.

First District, First Division.

March 18, 1968.

Jacob Shamberg and Gilbert T. Graham, of Chicago, for appellants.

L. Louis Karton, of Chicago, for appellees.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

This is an appeal from an interlocutory order of the Circuit Court restraining and enjoining defendants from using their land within fifty (50) feet of plaintiffs' north lot line as a parking lot.

This action was instituted by plaintiffs, Niles Improvement Association, a nonprofit corporation; Harris Trust & Savings Bank, as owner and holder of residential property, as trustee; and Shelby C. Johnstone and Sharmer Johnstone, his wife, as beneficial owners of the trust property commonly known and described as 7401 North Caldwell Avenue, Niles, Illinois (hereinafter referred to as the Johnstone Property), against defendants, Harcourt, Brace & World, Inc., as the lessee or owner of the premises and real estate immediately adjoining the Johnstone Property to the north, which is commonly known and described as 7555 North Caldwell Avenue, Niles, Illinois (hereinafter referred to as the Harcourt, Brace Property) ; J. Emil Anderson & Son, Inc., as lessor or owner of the Harcourt, Brace Property; A. Harold Anderson, the President of J. Emil Anderson & Son, Inc.; Nicholas B. Blase, President of the Village of Niles, Illinois; and

168

Robert H. Wente, one of the Trustees of the Village of Niles, Illinois. Subsequent to the filing of the action the complaint was amended to join the Village of Niles as a defendant.

It would serve no purpose to detail the allegations in the pleadings or the evidence introduced. Suffice it to say that the plaintiffs filed this action in chancery seeking a temporary restraining order and thereafter a permanent injunction, enjoining the defendants from violating the provisions of Section IX, A, Paragraph 4, of the Niles Zoning Ordinance by constructing property or facilities or adjuncts to property immediately adjacent to the Johnstone premises and property, and within less than fifty feet from the north lot line of the Johnstone Property. The pleadings reveal that at issue in this action was the paving of the Harcourt, Brace Property within fifty feet of the Johnstone Property for use as a parking lot. In their answer the defendants alleged that the parking lot had been built in compliance with the specifications of Section X–B of the Niles Zoning Ordinance.

By order of court, the cause was referred to a Master in Chancery for a hearing and report on the application for the temporary restraining order, and on the application for a permanent injunction. After holding hearings, the Master presented his report in favor of defendants. The plaintiffs filed objections thereto, which were overruled. Exceptions to the report of the Master were heard by the Chancellor who entered a decree sustaining certain specified exceptions to the report. Insofar as this interlocutory appeal is concerned, the defendants have appealed from those decretal provisions construing Section 9A of the Niles Zoning Ordinance to be applicable to defendants' parking lot, and section 10 of the Ordinance inapplicable; and they have also appealed from the order restraining them from using the Harcourt, Brace Property as a parking lot within fifty feet of plaintiffs' north lot line. Plaintiffs have filed a cross-

169

appeal in which they contend that the Chancellor erred in not entering a permanent injunction, and in not reserving jurisdiction for the purpose of awarding reasonable attorney's fees to plaintiffs.

The question presented on appeal, whether the plaintiffs have the right to prevent parking on the Harcourt, Brace Property within fifty feet of the north lot line of the Johnstone Property, involving as it does the construction of the Niles Zoning Ordinance, raises only a question of law.

The record reveals that the Johnstone Property is improved with a residence in a single-family residential classification. The Harcourt, Brace Property, which is zoned for a limited manufacturing use, is improved with a one-story warehouse and office building in which the lessees, Harcourt, Brace & World, Inc., conduct the business of distributing books. The Harcourt, Brace Property has a parking lot which was installed by Harcourt, Brace to a line five feet parallel to the north line of plaintiffs' premises.

■ ■ The same rules are applied by the court in the construction of a zoning ordinance as in the construction of a statute. Markiewicz v. City of Des Plaines, 41 Ill App2d 127, 190 NE2d 387. (Abstract only.) The basic consideration in construing an ordinance is to ascertain and then give effect to the intention of the lawmaking body. Dean Milk Co. v. City of Chicago, 385 Ill 565, 53 NE 2d 612. The plaintiffs rely on the provisions of Section IX, under the heading of "Manufacturing District" in the Zoning Ordinance of the Village of Niles, which refers to "General Requirements–M. District." In particular, they rely upon Section A–4 which reads, as follows:

4. No buildings, structures, or parcel of land, which is used for the manufacturing, fabricating, assembly, disassembly, repairing, storing, cleaning, or servicing of materials, products, or goods shall be located

within 50 feet of any lot line of a lot located in a Residential District; and when directly across a street from a Residence District, there shall be provided for such uses a yard along such street of not less than 40 feet in depth.

The defendants, on the other hand, rely on the provisions of Section IX–B–7 which reads:

7. Off-Street Parking.

Parking spaces in accordance with provisions set forth in Section X of this ordinance.

They further rely on Sections X–B–8 and X–B–9(c) which read as follows:

9. Design and Maintenance

C. Screening and Landscaping
 All open automobile parking areas containing more than four parking spaces shall be effectively screened on each side adjoining or fronting on any residential or institutional property by a wall or fence not less than five feet high or more than six feet high, or a densely planted compact hedge not less than five feet in height; and wheelstops of masonry, steel, or heavy timber shall be placed not nearer than five feet from the street line in districts where a front yard is not required, or from side lot lines.

Defendants contend that Section IX–B–7 incorporates by reference the provisions in regard to parking of Section X into Section IX. They further contend that the specific provisions of Section X–B–9(c) for off-street parking prevails over the general language to be found in Section IX–A–4, and that the use they intend to make of their property for parking is provided for in Section X–B–8. Defendants argue that Section IX–A–4 which

provides that "no . . . parcel of land, which is used for manufacturing . . ." does not refer to the specific use of parking, and therefore, parking cannot be read into Section IX–B–4 by implication.

Plaintiffs contend that the clear legislative purpose of Section IX–A–4 is to keep all manufacturing uses at least fifty feet from a lot in a residential district. They argue that not only "buildings" are referred to in the section, but also a "parcel of land" when used for manufacturing, etc., cannot be located within fifty feet of a residential lot. "Since the parking lot furnishes a place to park, incidental and auxiliary to the building, it must be considered as essential to manufacturing as the building itself."

We are dealing here with two sections of the same ordinance. The Illinois Supreme Court stated in National Products Co. v. DuPage County, 314 Ill 74, 145 NE 298, at pages 80 and 81: "It is a well settled rule of construction that where there are two provisions, one of which is general and designed to apply to cases generally, and another is particular and relates only to one subject, the particular provision must prevail and must be treated as an exception to the general provision." (Citation omitted.) A particular enactment in a statute is held to be operative against general provisions dealing with the same subject matter in the same statute. People ex rel. Myers v. Pennsylvania R. Co., 19 Ill2d 122, 166 NE2d 86. Of course these aforementioned rules cannot be used to defeat legislative intent. The safest guide in determining legislative intent lies in an examination of the plain meaning of the words used in the enactment, and this meaning cannot be altered by implication beyond the clear import of the language used. Svithiod Singing Club v. McKibbin, 381 Ill 194, 44 NE2d 904.

Applying the foregoing rules to the provisions of the Niles Zoning Ordinance before us in the instant case we conclude that defendants' use of the Harcourt, Brace Property for a parking lot within fifty feet of the north

lot line of the Johnstone Property is governed by the provisions of Section X in regard to such use. Section IX–B–7, which is included in the section that generally governs defendants in the use of their property, plainly states that parking spaces are to be governed ". . . in accordance with provisions set forth in Section X of this ordinance." Furthermore, Sections X–B–8 and X–B–9(c) clearly make provision for the kind of parking facilities proposed by the defendants. Plaintiffs' argument that a parking lot on the Harcourt, Brace Property should be governed by the provisions of Section IX–A–4 is based on the implied inclusion of parking lots within the manufacturing uses set out in that section, and is not supported by specific references to parking elsewhere in the ordinance nor by the plain meaning of the language of the ordinance. It is clear to us that the legislative intent was to have the kind of use proposed by defendants governed by the provisions of Section X of the zoning ordinance.

Taking this view of the case we need not decide other questions presented in this appeal. The temporary restraining order appealed from is reversed with directions to dissolve the temporary injunction and cancel the writ of injunction.

Reversed.

ADESKO and MURPHY, JJ., concur.