THE CITY OF CARBONDALE, Plaintiff-Appellant, *v.* JOE VAN NATTA *et al.,* Defendants-Appellees.

(No. 74-264; )

Fifth District—September 20, 1974.

John Paul Womick, of Carbondale, for appellant.

E. Dan Kimmel, of Carbondale, for appellees.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from an order entered by the circuit court of Jackson County dismissing the plaintiff's, the City of Carbondale's, complaint against the defendants, Joe Van Natta, Master Key Enterprises, Inc.,

and Cherry Construction, Inc., and dissolving the temporary injunction which had previously been issued.

The City of Carbondale filed a complaint on July 8, 1974, requesting the trial court to issue an injunction against the defendants. Therein the plaintiff alleged that: "City Ordinances Nos. 1216 and 1559 were in effect at all times pertinent hereto." Section 1 of City Ordinance 1216 provides for the classification and division of property situated within 1½ miles from and beyond the boundaries of the City of Carbondale. Section 2 of the same ordinance provides, in sub-paragraph 2A.2.a.(3), for: "Front yard setback along a public road thrity [sic] (30) feet, along a state road sixty (60) feet." Although City Ordinance 1559 amended City Ordinance 1216, the preceding aspects remain in effect since Ordinance No. 1559 dealt exclusively with amendments to the Special Exceptions provisions embraced in Section 6 of Ordinance No. 1216. It was further alleged that the defendants are engaged in the construction of a certain structure in violation of the set-back requirement of City Ordinance No. 1216. The plaintiff also filed a motion for a temporary injunction on July 8, 1974. After hearing plaintiff's motion for a temporary injunction the trial court, on July 10, 1974, entered an order issuing a temporary injunction without bond.

The defendant, Joe Van Natta, filed a motion to dismiss on the ground that the ordinances involved herein were "invalid as being contrary to and in violation of the Statutes of the State of Illinois." Briefs were filed and, on August 9, 1974, the trial court filed its memorandum and order in which it dismissed the cause of action and dissolved the temporary injunction.

We are confronted with two issues on this appeal: first, whether the State's enabling legislation (Ill. Rev. Stat. 1973, ch. 24, par. 11—13—1 et seq.) empowered the City of Carbondale to establish set-back lines within contiguous territory not more than 1½ miles beyond its corporate limits? and secondly, whether a "home rule" unit may establish set-back lines within contiguous territory without any legislative authorization?

The statutes relevant hereto are contained in section 11—13—1 and 11—14—1 of the Municipal Code (Ill. Rev. Stat., ch. 24, pars. 11—13—1, and 11—14—1). Section 11—13—1 provides, in part, that:

"* * * the corporate authorities in each municipality have the following powers:

* * *

(2) to establish, regulate and limit, *subject to the provisions of division 14 of this Article 11*, the building or set back lines on

or along any street, traffic way, drive, parkway or storm or floodwater runoff channel or basin;

&ast; &ast; &ast;

The powers enumerated may be exercised within the corporate limits or within contiguous territory not more than one and one half miles beyond the corporate limits and not included within any municipality. &ast; &ast; &ast; If a municipality adopts a zoning plan covering an area outside its corporate limits, the plan adopted shall be reasonable with respect to the area outside the corporate limits so that future development will not be hindered or impaired." (Ill. Rev. Stat. 1973, ch. 74, § 11—13—1.) (Emphasis added.)

Section 11—14—1 provides, in part, that:

"In addition to existing powers &ast; &ast; &ast; the corporate authorities in each municipality have power by ordinance to establish, regulate, and limit the building or *set-back lines* on or along any street, traffic way, drive, or parkway or storm or floodwater runoff channel *within the municipality*, as may be deemed best suited to carry out these purposes." (Ill. Rev. Stat. 1973, ch. 24, § 11—14—1.) (Emphasis added.)

■■ Although both parties recite various rules of construction and interpretation and suggest their applicability to the foregoing statutes, we believe reference to rules of construction and interpretation is unnecessary in the instant case. Before a court may employ rules of interpretation or construction there must be an ambiguity or inconsistency. Rules of construction are useful only in cases of doubt (*Dick v. Roberts*, 8 Ill. 2d 215, 133 N.E.2d 305), and are never to be used to create doubt only to remove it (*Illinois Central R.R. Co. v. Franklin County*, 387 Ill. 301, 56 N.E.2d 775). Thus a court may not alter the meaning of a statute beyond the clear import of the language employed therein. *Niles Improvement Association v. J. Emil Anderson & Son, Inc.*, 93 Ill.App.2d 167, 236 N.E.2d 402.

■■ In the instant case the statutes in question, sections 11—13—1 and 11—14—1 of the Municipal Code (Ill. Rev. Stat. 1973, ch. 24, pars. 11—13—1 and 11—14—1) cannot be in conflict since the relevant portion of section 11—13—1 is made "subject to the provisions of Division 14 of this Article 11." The clear and obvious legislative intendment is that the latter specific section is to control over the former general section. The plaintiff contends that other statutes, in particular, sections 11—12—5, 11—12—7 and 11—12—8 (Ill. Rev. Stat. 1973, ch. 24, pars. 11—12—5, 11—12—7, 11—2—8), grant municipalities this power, to

control set-back lines within contiguous territory not more than 1½ miles from their corporate limits, by implication. However, since none of the sections cited by the plaintiff specifically grant to municipalities the power to control set-back lines in contiguous areas such sections are insufficient to defeat the express limitations on that power which the legislature set forth in section 11—14—1 (Ill. Rev. Stat. 1973, ch. 24, par. 11—14—1). The plaintiff also contends that section 11—12—5 (Ill. Rev. Stat. 1973, ch. 24, par. 11—12—5) *specifically* granted the power to control set-back lines in contiguous areas. This argument is based upon the supreme court case of *Petterson v. City of Naperville*, 9 Ill.2d 233, 137 N.E.2d 371. Therein our supreme court held that the power to control curbs and gutters was within the language authorizing reasonable regulations concerning streets. Although the plaintiff makes an admirable attempt to analogize *Petterson* to the instant case it fails to mention that the power to control curbs and gutters was not otherwise restricted as is the power to control set-back lines. It is felt that this distinction is significant and that the restrictive language of section 11—14—1 precludes a similar argument in the instant case.

The legislature, in granting municipalities the power to zone up to a mile and one half beyond their corporate limits, must be considered to have been aware of the limiting provisions of provisions of section 11—13—1(2), *i.e.*, "Subject to the provisions of Division 14." If the legislature had intended to extend to municipalities the power to establish set-back lines outside their corporate limits, it could have eliminated the conditional language of section 11—13—1(2). It chose, instead, to allow that provision to remain operative. This Court will not defeat this intention by means of judicial construction and interpretation.

■■ The other issue raised is based upon the plaintiff's statement that because it is a "home rule" municipality it may have the power under article VII, section 6a, of the Illinois Constitution of 1970, to regulate set-back lines outside its corporate limits notwithstanding the lack of statutory authorization. Due, however, to the specificity of the language of the "home rule" provision embodied in article VII, section 6a, of the Illinois Constitution we do not believe that any reasonable interpretation of the "home rule" provision would change our conclusion that municipalities may only establish set-back lines within their corporate limits.

In view of the conclusions previously set forth we hold that the ordinances upon which the City of Carbondale based its complaint were invalid and the circuit court of Jackson County was correct in dismissing its complaint and dissolving the temporary injunction.

Order affirmed.

G. MORAN, P. J., and CREBS, J., concur.