Wilhelmina Boehne and Adolph Boehne, Minor, by Wilhelmina Boehne, His Mother and Next Friend, Appellant, v. Board of Trustees Firemen's Pension Fund of Springfield, Illinois, Appellee.

Gen. No. 9,305.

Opinion filed February 24, 1942.

C. H. Jenkins and Harold M. Olsen, both of Springfield, for appellant.

Hugh J. Graham, Jr., of Springfield, for appellee.

Mr. Presiding Justice Hayes delivered the opinion of the court.

This is an appeal from an order of the circuit court of Sangamon county denying a writ of mandamus, and dismissing petitioner's petition. There is an agreed statement of facts. One of the petitioners was Wilhelmina Boehne, the widow of a deceased, retired fireman. The other petitioner was Adolph Boehne a minor, under the age of sixteen, the son of said retired fireman. Herman Boehne, a retired fireman, had served on the Springfield Fire Department for more than 20 years, the last five of which had been

continuous. On the 31st day of July, 1929, he voluntarily retired from the Fire Department and thereafter having attained the age of fifty years, he applied for and was awarded his pension from the respondent, the Board of Trustees Firemen's Pension Fund of Springfield, Illinois. The amount of his pension was seventy dollars ($70) per month computed on the basis of half the amount of salary which he received as fireman at the time of his retirement, pursuant to provisions of sec. 7, ch. 24, p. 564, Firemen's Pension Fund, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 100.278]. After his retirement and while he was receiving the said pension, he married the petitioner Wilhelmina Boehne. As issue of said marriage the petitioner Adolph Boehne was born. After the death of Herman Boehne, the petitioner herein made application to the Board of Trustees Firemen's Pension Fund of Springfield for the pension as provided in said Firemen's Pension Act. The petitioner was denied the pension by the respondent board and filed their petition for writ of mandamus in the circuit court praying said court to issue a writ of mandamus against the respondent compelling the payment to petitioner of the pension. Thereupon the respondent filed a written motion to dismiss the petition and on January 2, 1941 the court entered an order denying the writ of mandamus dismissing the petition. The petitioner elected to stand by their petition, refused to plead and perfected their appeal.

The claim of petitioner was founded on one paragraph of sec. 7, ch. 24, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 100.278], paragraph 924, which is as follows: "After the decease of such fireman, his widow, minor natural child or children, under sixteen years of age, his dependent natural parent or parents, if any surviving him, shall be entitled to the pension provided for in this Act, but nothing in this or any other section of this Act shall warrant the payment of any

annuity to any widow of a deceased fireman after she shall have remarried.''

Petitioners claim that section seven of the act provides a separate and distinct pension for widows and minor children of deceased firemen independent of any other section of the act, and that a reasonable construction of section six and seven, shows an expressed legislative intent that each is a separate and distinct act in itself neither of which is dependent on the other for effective operation. Petitioners further contend that it creates two distinct classes of dependences entitled to a pension.

Under section five of the act, provision is made that a fireman shall be entitled to a pension if he become physically or mentally, permanently disabled while in the performance of his duty. Section seven of the act makes provision for a pension for a fireman who has served 20 years of which the last five years shall be continuous, and has arrived at the age of 50 years. Section six of the act provides for certain benefits for the widow and minor children or dependent parents of fireman (1) who die from any cause while in the service (2) who die from any cause during retirement on account of disability or (3) who die during retirement after 20 years of service and while in good standing, as provided for in this act. In each of these cases, the widow, while unmarried, shall receive $45 a month and each child $8 a month until it reaches the age of 16. In this section, it is expressly provided that no pension shall be allowed to the widow of such deceased fireman or to the children of such widow who has married such fireman subsequent to the date of his retirement with pension, under the provisions of this act. It is further provided in this section that if the deceased fireman shall leave no widow or natural child or children surviving him, but leave a dependent natural father or mother then said Board of Trustees shall direct the payment from said pension fund, to such

dependent father or mother, the sum of $25 to each one monthly; provided that it shall be proved that the deceased fireman at the time of his death was the sole and only support of such parent or parents.

The general scheme of the act seems to be that section five makes a provision covering the situation for disabled firemen receiving disability while in service, whereas section seven provides for retirement after 20 years of service, the last five of which are continuous; and for a pension upon attaining the age of 50 years. Section six covers benefits to the dependents of firemen in case of death of (1) any fireman who dies in service; (2) any fireman who dies during retirement on account of disability, and (3) any fireman who dies during retirement after 20 years' service as provided in this act. Petitioner's contention that section seven is complete in itself and not dependent in any manner upon the provisions contained in section six is not tenable, for nowhere in section seven is the amount to be given to the widow or child stated but this is covered by the language, "shall be entitled to the Pension provided for in this Act," and the only place that this provision for dependents is made in the act is in section six, so of necessity section seven has to be read and construed in conjunction with section six. It is to be noted that the language used by the legislature is "this act" rather than "in this section." The act provides for three classes of cases on the death of a fireman leaving surviving dependents. Section six refers to the widow and children of any fireman dying under all of the three classes.

Petitioners contend there is an additional class namely, where a fireman dies after 20 years of service, which they treat as a separate and distinct case from that created by section seven which is 20 years of service, the last five of which are continuous and upon attaining the age of 50. They base their position on the language used in section six as follows: "Or

during the retirement after twenty years' service and while in good standing as provided for in this Act.''

We think the proper construction of this clause is that it refers to retirement as covered in section seven by reason of the language, ''as provided for in this Act,'' and that reading the act as a whole there is only one retirement after 20 years of service, and that is the retirement provided for in section seven.

The provisions of a Pension Act should be examined in their entirety to determine the legislative intent. In *Armour Grain Co. v. Pittsburgh, C., C. & St. L. R. Co.,* 320 Ill. 156, on page 159, the court said: ''In construing a statute, it is the duty of the court to read the entire statute and from the words used therein by the legislature determine the legislative intent in enacting the same.'' In doing this it readily appears that the widow and children of pensioner under section five are covered by section six; also that the widow and children of a fireman who is a pensioner under section seven on his death are likewise covered by section six. Section six blankets all cases coming under either five or seven, as far as the widow and children are concerned on the death of the pensioner. There is some confusion in that legislature tacked on the extra paragraph in section seven which refers to the widow, minor natural child or dependent natural parents when it was already covered in section six. It seems legislature just stated it the second time unnecessarily. The express language used in this paragraph is the same as in section six in reference to the widow not marrying; the child being under 16 years of age; the essential difference being that in this paragraph there is no express reference to a marriage subsequent to the date of his retirement, but a reasonable construction of both section six and seven is that on reading them together, section seven refers to six by reason of the language ''shall be entitled to the pension provided for in this act,'' and that six refers to both five and seven by

reason "provided however, that no pension shall be allowed to the widow of such deceased fireman or to the children of such widow who has married such fireman subsequent to the date of his retirement with the pension under the *provisions of this Act.*"

It is not reasonable that the legislature intended to make any distinction between the widow who marries a fireman after his retirement and retires on a pension at the arrival of 50 years of age after 20 years of service of which the last five years were continuous,— and the widow who marries a fireman after his retirement on account of the disability received while engaged in his line of duty.

To hold the construction contended for by the petitioners would do violence to the entire act, while to treat the extra paragraph in section seven as surplusage does not violate the plain legislative intent.

We are of the opinion that the circuit court of Sangamon county properly denied the writ and dismissed the petition and that the judgment of the said court should be affirmed.

For the reasons herein stated said judgment is hereby affirmed.

*Judgment affirmed.*