(No. 32267.—

Rose Keegan, Appellee, *vs.* The Board of Trustees of the Illinois Municipal Retirement Fund, Appellant.

*Opinion filed May 22, 1952—Rehearing denied September 15, 1952.*

Ivan A. Elliott, Attorney General, of Springfield, (William C. Wines, and John T. Coburn, of counsel,) for appellant.

Hollerich & Hurley, of La Salle, for appellee.

Mr. Justice Maxwell delivered the opinion of the court:

This case is an appeal from an order of the circuit court of La Salle County, reversing and remanding, under the Administrative Review Act, an order of the Board of Trustees of the Illinois Municipal Retirement Fund.

The plaintiff is beneficiary of all death benefits accruing to one Katherine Keegan, a participant in the Illinois Municipal Retirement Fund, who, during her lifetime, was employed by the board of education of School District 120 of La Salle County, as secretary of the board. On January 1, 1947, School District 120 became a participating municipality under the provisions of the Illinois Municipal Retirement Fund Act. (Ill. Rev. Stat. 1945, chap. 24, par. 1175 *et seq.*) Katherine Keegan died on October 12, 1947, having contributed to said fund less than one year.

At the time that Katherine Keegan became a participant in the fund, (January 1, 1947,) the statute provided for

death benefits for employees of participating municipalities of "an amount equal to the sum of the accumulated additional and normal credits of such employee on the date of death, and an amount equal to the excess of an annual payment of earnings at the final rate of earnings, over the accumulated normal credits at such time." (Ill. Rev. Stat. 1945, chap. 24, par. 1187(b)1.) Subsequent to the commencement of her participation, and before her death, the legislature, on July 21, 1947, amended the pertinent provisions of the act to read "an amount equal to the sum of the accumulated additional and normal credits of such employee on the date of death, *and if the employee has contributed to this Fund for at least one year* an additional amount equal to the excess of an annual payment of earnings at the final rate of earnings, over the accumulated normal credits at such time." Ill. Rev. Stat. 1947, chap. 24, par. 1187(b)1.

The facts are not in dispute. Katherine Keegan became a participant January 1, 1947. During the time she was a contributing participant, on July 21, 1947, the statute was amended. She died on October 12, 1947, having contributed to the fund less than one year. The parties stipulated that her accumulated normal credits in the fund on the date of her death amounted to $67.49; that there was an overpayment of normal contributions of 72 cents; that there were no additional credits in her account in said fund; that if plaintiff is entitled to the additionl death benefit it would amount to $2295.57, making the total of the normal credits, the overpayment, and the additional death benefit the sum of $2363.78.

The Board of Trustees of the Municipal Retirement Fund, by resolution dated November 28, 1947, authorized the payment to the plaintiff as beneficiary of Katherine Keegan the sum of $68.21, the amount of the normal credits and the overpayment. Plaintiff requested a reconsideration of her claim and the board, by resolution of February 24,

1950, sustained its previous ruling and tendered payment. Plaintiff refused to accept payment and, on March 30, 1950, filed her complaint under the Administrative Review Act in the circuit court.

The plaintiff alleged in her complaint that prior to April 2, 1946, all the employees of School District 120, including Katherine Keegan, voted unanimously to participate in the fund, and that the election of Katherine Keegan to participate in the fund constitutes a contract between said Katherine Keegan and the State and that, therefore, the rights of Katherine Keegan in the fund became vested as of the time of her participation. The defendant filed a motion to strike and dismiss the complaint alleging that the provisions of the act as of the time of participation of Katherine Keegan did not create a contract, and that the subsequent amendment controls the disposition of all benefits due and owing to plaintiff as beneficiary of Katherine Keegan. Defendant also filed a motion to strike that portion of plaintiff's complaint alleging that the employees of School District 120 voted to participate in the fund, contending that such election by the employees was not required or authorized by the act and therefore was immaterial to the issues. The trial court overruled defendant's motion, defendant elected to stand thereon and the trial court entered an order reversing the board and remanding the cause to the board with instructions to pay plaintiff the sum of $2363.78 as the sum due her as beneficiary of Katherine Keegan's death benefits under the act. The defendant has appealed to this court, the public revenue being involved.

The sole question presented in this case is whether Katherine Keegan had a vested contractual interest in the Illinois Municipal Retirement fund at the time of her participation therein, which the legislature could not constitutionally take from her by a subsequent amendment of the act.

The appellee contends that the provisions of the act as they existed when Katherine Keegan became a participating employee constituted a valid and binding contract between her and the State, which could not thereafter be modified without her consent, and says that the amendment of 1947 is prospective only and not retroactive to affect the rights of an employee fixed prior to the amendment. Appellant contends a participant in a compulsory statutory benefit fund acquires no vested rights in the fund which cannot be altered by subsequent action of the legislature, that Katherine Keegan's participation was compulsory under the terms of the act and that she therefore acquired no vested contractual rights in this fund.

The law seems to be settled in this State that statutory pensions, retirement allowances or benefits for employees requiring compulsory participation confer no vested rights upon the participants. Such acts are based on the sovereign power of the State to provide for the general welfare of the employees and society generally and are not in the nature of contracts between the participants and the State. Vested contractual rights arise by reason of the payment of a voluntary consideration and compulsory contributions to such funds are not voluntary consideration. Where, however, a statute creates a pension or annuity fund and confers an elective right as to participation therein upon the individual participant, the participant's contributions are voluntary consideration and create vested contractual rights. *Raines* v. *Board of Trustees,* 365 Ill. 610.

The plaintiff here alleged that the employees of School District 120 held an election and voted unanimously to participate in this fund and that such election constituted voluntary participation. Such election, however, was not contemplated or authorized by the act and had no legal effect. There is no provision whatever in the act for any elective right or choice in the employees of a participating municipality. Such employees are compelled to participate and

their contributions are required to be deducted from their salaries by the municipality. It is manifest the legislature intended to provide compulsory participation in a pension fund of all employees of municipalities or instrumentalities thereof where the electors by majority vote chose to operate under the provisions of the act. (Ill. Rev. Stat. 1945, chap. 24, par. 1179.) We see no distinction, so far as the question here considered is concerned, between the Teachers' Pension and Retirement Fund and the Illinois Municipal Retirement Fund, and the law of the *Raines case* is determinative of plaintiff's claim of a vested contractual interest.

The plaintiff further contends that the amendment of 1947 is not retroactive to affect the rights of any participant prior to such amendment. There is no question of the retroactive application of this amendment under the facts of this case. The benefits claimed by plaintiff accrued upon the death of the participant, such death was the operative event requiring the application of the statute, and this occurred after the amendment became effective.

Plaintiff contends that the act specifically and definitely fixes the rights of the parties here in section 25(b) thereof which provides:

"Each participating employee shall, by virtue of the payment of any contributions to this fund, receive a vested interest in the annuities and benefits provided in this Act and each such employee in consideration of such vested interest in this fund shall be deemed to have agreed and authorized the deduction of all contributions payable to this fund in accordance with this Act from the payments of earnings by the employing municipality or instrumentality."

The legislature here conferred a vested interest in the annuities and benefits provided in the act but did not define such vested interest. As we have heretofore shown, that vested interest is not a contractual interest where participation is compulsory, and if it is not contractual it would not preclude subsequent changes or alterations. We will

not assume that the legislature intended, by the terms of section 25(b), to preclude necessary changes and amendments of the act commensurate with changing economic conditions. We believe that, by reasonable interpretation of section 25(b), a vested right is created in the participant to share in the fund in the manner and on such terms as the legislature may, from time to time, determine best serves the welfare of the participants and the people of the State.

In view of the undisputed fact that Katherine Keegan had not contributed to the fund for at least one year at the time of her death and it being our opinion that the 1947 amendment is applicable, the judgment of the circuit court of La Salle County is reversed and the order of the Board of Trustees of the Illinois Municipal Retirement Fund is confirmed.

*Circuit court reversed;*
*order of board confirmed.*