(No. 38622.—

MARY BERGIN, Appellee, *vs.* THE BOARD OF TRUSTEES OF THE TEACHERS' RETIREMENT SYSTEM, Appellant.

*Opinion filed November 24, 1964.*

WILLIAM G. CLARK, Attorney General, of Springfield, (RICHARD A. MICHAEL, EDWARD A. BERMAN, RAYMOND S. SARNOW, and A. ZOLA GROVES, Assistant Attorneys General, of counsel,) for appellant.

ROBERT CHAPMAN BUCKLEY, of Chicago, (GERALD M. CHAPMAN, of counsel,) for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

Upon petition of defendant, the Board of Trustees of the Teachers' Retirement System, we have granted leave to appeal from a judgment of the Appellate Court, (47 Ill. App. 2d 348,) affirming a judgment of the circuit court of Cook County. The problem presented is the proper construction of those sections of our School Code having to do·with the payment of death and survivors' benefits upon the decease of a member of the retirement system.

In 1953 William Bergin was a teacher employed by a Cook County school district and became a participant in the Teachers' Retirement System of Illinois, (Ill. Rev. Stat. 1951, chap. 122, art. 25,) a compulsory pension program for teachers financed by their contributions and those of the employing school units. On January 31, 1953, Bergin executed a written form nominating and designating his mother and a brother to receive the benefits then authorized in the event of his death. When he died in December, 1959, this written designation had never been altered or revoked, as he had a right to do, despite the circumstances that he had married Mary Bergin and that two children had been born to the union prior to his death. The controversy which

has arisen is whether the widow and children or the mother and brother should receive the death benefits, and is provoked by questions of statutory construction rather than any contest between the respective sets of beneficiaries, inasmuch as the mother and brother have sought to waive any claim in favor of the widow and children.

When Bergin executed the written nomination in January, 1953, benefits payable when a member died while in service were provided for in sections 25—57 and 25—57.1 of the School Code, (Ill. Rev. Stat. 1951, chap. 122, pars. 25—57, 25—57.1,) and were limited to lump sum payments of the member's contributions and a proportion of his annual salary, as follows:

"§ 25—57. Upon receipt of proper proofs of the death of a member, his accumulated contributions, together with all additional payments made to this system under paragraph 1 of Section 25—45 if any, shall be paid to his estate, or to any person he has nominated by written designation executed and filed with the board. Where the death of a member occurs on or after July 1, 1947, the refund under this section also shall include contributions for prior service paid by him prior to July 1, 1939, without interest thereon.

"§ 25—57.1. In addition to the payment provided under Section 25—57 of this act, if a member shall have died while in service and shall have had one or more years of membership service, and was in receipt of salary as a teacher within a period of twelve months prior to the date of death, a single payment death benefit provided from contributions by the State, which shall be equal to one-twelfth of the yearly rate of salary of the member at the date of death, multiplied by the number of completed years of creditable service, but not to exceed fifty per cent of such yearly rate of salary, shall be paid to a surviving spouse, children, parents, brothers and sisters of the deceased member, in the order named, or to one or more of such persons

as the member shall have nominated by written direction duly acknowledged and filed with the board to receive such death benefit. If none of the above survivors exists in the case of any member, then such death benefit shall be paid to such person as the member, by written direction acknowledged and filed with the board, shall have nominated to receive it if such nominee is one who would be entitled to a share of the member's intestate estate under the laws of this State. If the nominee is not one who would be so entitled or if no person is so nominated no death benefit shall be payable under this section." Had there been no statutory changes prior to Bergin's death, there is accord that payment of his contributions and the death benefit would properly be made to the beneficiaries he designated, notwithstanding he was survived by a spouse and children.

Section 25—57, as set forth above, continued in effect at the time of Bergin's death. However, with effect from July 24, 1959, a date approximately four months prior to his decease, extensive changes and additions were effected in section 25—57.1. Generally speaking, the section was broadened to permit "dependent beneficiaries" to elect to receive annuity payments in lieu of the lump sum payments of contributions and the death benefit, and to provide for benefits upon the death of a member while out of service. Specifically, the portions of the amended section pertinent here are as follows (Ill. Rev. Stat. 1959, chap. 122, par. 25—57.1,) :

"§ 25—57.1. In addition to the payment provided under Section 25—57 of this act, if a member shall have died while in service and shall have had one or more years of membership service, and was in receipt of salary as a teacher within a period of twelve months prior to the date of death, and the beneficiary or beneficiaries of the member are not eligible for benefits under the remaining paragraphs of this Section, a single payment death benefit provided from contributions by the State, which shall be equal to

one-twelfth of the yearly rate of salary of the member at the date of death, multiplied by the number of completed years of creditable service, but not to exceed fifty per cent of such yearly rate of salary, shall be paid to one or more of such persons as the member shall have nominated by written direction duly acknowledged and filed with the board to receive such death benefit. If no person is so nominated the death benefit under this paragraph shall be payable to the estate of the member.

"(A) Definitions. * * *

"(3) 'Dependent beneficiary' shall include (a) a widow or dependent widower of a member who was married to the member for a period of at least one year prior to and on the date of death of the member if death occurs while in service except where a child is born of such marriage in which case such qualifying period shall not be applicable, or for a period of at least three years prior to and on the date of retirement of the member in the case of a member who dies after retirement; (b) an eligible child of a member; and (c) a dependent parent. Unless otherwise designated by the member, eligibility for benefits shall be in the order named, except that a dependent parent shall not be eligible where any of the other foregoing dependent beneficiaries exist.

* * *

"(5) The term 'dependent' means a person who was receiving from the member at the date of death of the member at least one-half of his support from the member for the twelve calendar months immediately preceding death of the member. Dependency shall be presumed in the case of a widow or an eligible child.

"(6) 'Non-dependent beneficiary' means any beneficiary designated by the member who does not qualify as a dependent beneficiary. If no beneficiary is designated by the member, the beneficiary shall be a known kindred of the decedent as determined according to the rules of descent

and distribution under the laws of Illinois, provided that if there are no designated beneficiaries or known kindred of the decedent, no benefit shall be payable under the provisions of this section.

\* \* \*

"(B) Benefits upon Death While in Service. In addition to the benefits payable upon death of a member under other sections of this Article, benefits shall be paid under the conditions prescribed in this section, and in accordance with the amounts specified, to survivors of a member whose death occurs while in service, as follows:

"(1) A dependent beneficiary or a non-dependent beneficiary designated by a member shall be entitled to receive, in a single sum, an amount equal to one-sixth of the annual rate of salary in effect on the date of death of the member, for the school year in which death of the member occurred, for each completed year of service not to exceed annual salary, subject to a maximum payment of eight thousand dollars.

"(2) In lieu of the benefit provided under paragraph (B)(1) above, and the benefit provided by Section 25—57 of this Article, a dependent beneficiary of a member as herein defined, provided the deceased member has completed at least one and one-half years of creditable service and had rendered at least sixty days of creditable service within such period immediately preceding death, may elect to receive the sum of one thousand dollars, divided by the number of such beneficiaries, together with an annuity as specified in the following paragraphs:

"(a) A dependent beneficiary who is a surviving widow or dependent widower, if no eligible minor children exist, may receive in equal monthly payments a benefit equal to 30% of average salary, as defined in this section, payable beginning at age 55 years, or beginning upon death of the member if the said beneficiary is aged 55 years or over, unless such dependency is terminated by remarriage.

"(b) A dependent beneficiary who is a surviving widow, or dependent widower, regardless of age, and who is providing for the support of the member's eligible child, may receive a benefit equal to 30% of average salary plus (1) 20% of average salary on account of each dependent child, and (2) 10% of average salary divided by the number of children entitled to this benefit.

"(c) Each eligible child, provided there is no surviving widow or dependent widower eligible for benefits under this section, may receive benefits as follows: (1) 20% of average salary, and (2) 10% of average salary divided by the number of children entitled to this benefit.

"(d) A dependent parent, provided there are no other dependent beneficiaries eligible to benefits, may receive upon attainment of age 55 a benefit of 30% of average salary, or from the date of the member's death if such parent is aged 55 years or older, unless such dependency is terminated by remarriage or otherwise."

Based upon its construction of the statutes, the defendant-board concluded that the contributions and death benefit should be paid in lump sums to the mother and brother in accordance with the decedent's written designation. However, in an administrative review proceeding prosecuted to the circuit court by the plaintiff-widow, the decision of the board was reversed. The Appellate Court, with one justice dissenting, affirmed the judgment of the circuit court. In essence it was the conclusion of the majority opinion that, under the amendment to section 25—57.1, a dependent beneficiary was given the right to elect annuity benefits and that any designation of a beneficiary which conflicts with such right must be disregarded. Stated another way, it was the construction of the majority that even though a member designates a nondependent as his beneficiary, a dependent beneficiary surviving at the decease of the member may defeat the appointment by elect-

ing to take the annuity benefits provided for in subparagraph (B)(2) of section 25—57.1. The dissenting justice, to the contrary, could see in the amended statutes no intent either to limit the right of a member to designate his beneficiary, or to create a compulsory preference for nondesignated dependents over nondependent designees.

While the legislative intent is not expressed with the clarity and directness to be desired, it is our opinion that the construction placed upon the amendment to section 25—57.1 by the majority opinion of the Appellate Court is the proper one. One of the prime purposes behind the public policy favoring pension legislation is the protection of the pensioner and his dependents from economic insecurity and, from the language employed, we believe the security of a member's widow, children, or other dependents was the result sought to be achieved by the legislature in this instance. Apart from the analysis by the majority opinion of the Appellate Court, which we adopt, the expressly stated purpose for the addition of subsections (B) and (C) to the statute was to allow for "additional" benefits to be paid "to survivors of a member," a phrase which militates against a construction that the additional benefits contemplated were intended to be limited to persons nominated by the member. Moreover, in subparagraph (B)(1), consistent with the definitions found in subparagraphs (A)(3) and (A)(5), the legislature, as we read the amendment, saw fit to differentiate between a "dependent beneficiary" on the one hand, and a "non-dependent beneficiary designated by a member," on the other. Had it not been intended to bestow compulsory benefits upon a member's dependents, there would have been no need for such a distinction.

It is always proper to consider the course of legislation upon a particular statute in arriving at the legislative intent, (*People ex rel. Ward* v. *Chicago and Eastern Illinois Rail-*

*way Co.* 365 Ill. 202,) and where, as here, the language of a statute is not entirely clear or certain, it is proper not only to compare statutes relating to the same subject matter but to consider statutes upon related subjects though not strictly in *pari materia.* (*Scofield* v. *Board of Education,* 411 Ill. 11; *Anderson* v. *City of Park Ridge,* 396 Ill. 235.) Many of our statutes, on a variety of subjects, have reflected a public policy of providing for the compulsory support of dependents, and, in different ways and to varied extents, the course of retirement and pension legislation has been to insure the economic security of a member's widow, or children, or both, through annuity benefits which cannot be defeated by the designation of other beneficiaries. (*E.g.* General Assembly Retirement System, Ill. Rev. Stat. 1963, chap. 108½, art. 2; Municipal Retirement Fund, art. 7.) Prior to the amendment of section 25—57.1 in 1959, no certain or compulsory economic security for a widow or other dependent beneficiaries was provided for in the Teachers' Retirement System. We believe the amendment, consistent with the patterns in other retirement legislation, was intended to accomplish such purpose.

The contention of defendant that the disregard of a member's designation will violate his contractual rights is not well taken. It has long been settled that compulsory participation in a statutory pension plan confers no vested rights, thus permitting amendment, change or repeal as the legislature sees fit. (*Keegan* v. *Board of Trustees,* 412 Ill. 430; *Blough* v. *Ekstrom,* 14 Ill. App. 2d 153.) Equally without merit is defendant's argument that the construction of section 25—57.1 arrived at will jeopardize the designations of beneficiaries in other retirement systems. Apart from the fact that a judicial opinion must be read as applicable only to the facts involved and is authority only for what is actually decided, (*White* v. *Seitz,* 342 Ill. 266,) neither the decision of this court nor the statutory language in section 25—57.1 may prevail over the express

statutory language controlling other retirement or pension systems.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*