PATRICK LONDRIGAN *et al.*, minor children of Francis P. Londrigan, Deceased, by Marjorie Londrigan, their mother and next friend, Plaintiffs-Appellees, *v.* BOARD OF TRUSTEES, FIREMEN'S PENSION FUND OF SPRINGFIELD, ILLINOIS, Defendant-Appellant.

(No. 11486;

Fourth District—September 27, 1972.

*Rehearing denied October 23, 1972.*

Sorling, Catron and Hardin, of Springfield, (Charles H. Northrup and Richard E. Hart, of counsel,) for appellant.

Thomas F. Londrigan and James T. Londrigan, both of Springfield, for appellees.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

The defendant Trustees denied pension benefits to the four minor children of a deceased fireman. The Trustees appeal from the order of the court on administrative review reversing the decision of the Trustees. The record shows no memorandum of the trial court and its order contains no findings.

Francis Londrigan was appointed to the fire department in 1927. He retired on August 5, 1951, but made the statutory payments into the retirement fund until March, 1952, at which time he reached the age of 50 years, and began to draw the statutory pension. Londrigan's wife had died in January, 1952. They had no children when he became eligible and began to receive pension payments.

Londrigan remarried in July, 1952, and the minor children concerned were thereafter born. He died on December 8, 1969, the application for pension was filed in January, 1970, and the Trustees denied the pension claim of the minors on September 17, 1970, stating:

"The Board of Trustees felt that the case was governed by Section 4—115 of the Firemen's Pension Fund Act, which provides that if a fireman marries subsequent to the date of his retirement, no pension shall be allowed at his death to his widow *or to her children.* Therefore, the Board was compelled to deny the application on motion by Leeder, seconded by Ciotti and carried."

At the death of the fireman a statute was in effect, Ill. Rev. Stat. 1969, ch. 108½, par. 4—115.1, providing:

"A child to be eligible for benefits under this Article must have been born in esse before the fireman resigned or was discharged from service * * *."

This section was argued on appeal, although it apparently had not been considered by the Trustees.

The issues argued have a point of origin in the language of Ill. Rev. Stat. 1951, ch. 24, par. 923, which, in providing for a pension for the widow and minor children of a retired fireman, said:

"[A]nd provided further that no pension shall be allowed to the widow of such deceased fireman, or to the children of such widow who has married such fireman subsequent to the date of his retirement with the pension under the provisions of this Act."

This language has existed in the statute providing for firemen's pension since the legislation in 1919 and was in effect at the time of decedent's employment as a fireman. It is the position of claimants that the minors qualify for the pension as the "natural children of a fireman and that the exclusion of children of such widow who has married the fireman subsequent to his retirement" does not exclude these claimants. If we were making an original construction of the language of the statute, we would find this argument persuasive. The precise issue was decided adversely to the claim in 1942, however. In *Boehne v. Board of Trustees Firemen's Pension,* 313 Ill.App. 291, 40 N.E.2d 94, a fireman married subsequent to retirement and died leaving a widow and a minor child. Upon denial of their claims for pension, *mandamus* was brought. The reviewing court affirmed the dismissal of the action in *mandamus.* After such decision the statute remained unchanged until the enactment of the quoted section 4—115.1 in 1969.

Claimants urge that while *Boehne* is factually in point, it is not

"legally parallel" in that there was a claim both by the widow of the married fireman subsequent to retirement and the child. Here, the widow is making no claim on this appeal, and it is argued that her claim in *Boehne* distorted the thinking of the court of review. Again it is said, in that case claimants sought a pension under a particular section only of the statute. The opinion, however, states that the section which excludes a widow marrying after retirement and her children was applicable to all other sections of the Firemen's Pension Act, and such section was construed to exclude recovery by either the widow or the minor child.

■■ Following oral argument, counsel filed supplemental memorandum and claimants urge that the rights of the claimants were vested upon the retirement of Londrigan, which was prior to the birth of the children. Our Supreme Court has established the rule that where participation in the pension plan or system is elective and voluntary, the rights of the pension participants are vested. (*Bardens v. Trustees of Judges Retirement System*, 22 Ill.2d 56, 174 N.E.2d 168.) There has been, however, a long line of cases which hold that if participation in the pension plan was compulsory under the provisions of the statute, there was no vested right to the benefits, and that the Legislature could amend or repeal the provisions of the statute. In such cases, the rights of a participant were vested only as to those payments which had accrued and were payable. (*Bergin v. Board of Trustees*, 31 Ill.2d 566, 202 N.E.2d 489.) Our Courts have variously described the rights of participants in a compulsory pension plan. (*Cohn, Public Employee Retirement Plan—the Nature of the Employees' Rights*, 1968 U. Ill. L. F. 32 at 52, *et seq.*) They have, however, consistently maintained the distinction between voluntary and non-voluntary pension plans in terms of vesting.

Claimants assert that prior to 1947, the pension contributions by firemen were entirely voluntary and urge that Londrigan's participation in the Firemen's Pension Fund was voluntary with the effect that vested rights were created as in *Bardens*. They cite and emphasize a portion of Ill. Rev. Stat. 1951, ch. 24, par. 918:

> "But no person appointed to said fire department after July 1, 1947, or reappointed in the fire department or fire service, except persons so appointed prior thereto in cities, villages, or incorporated towns which are or shall be included within fire protection districts, *shall be considered a fireman* within the provisions of this Act *unless at the time of his first appointment therein* he was between the ages of twenty-one [21] and thirty-five

[35] years, and *unless within three [3] months after receiving his first permanent appointment,* and if reappointed also within three [3] months after his reappointment, *he shall make written application to the board of trustees hereinafter provided for to come under the provisions of this Act* and shall be found upon a medical examination of a duly licensed physician selected by said board of trustees to be then physically and mentally fit to perform duties of a fireman."

■■ Without agreeing as to the effect of the language emphasized, we note that Londrigan was appointed some 20 years prior to July, 1947, and reference to the then statute, (Ill. Rev. Stat. 1927, ch. 24, par. 918), discloses that at the time of appointment and entrance into the pension system there was no provision for written application within three months of appointment, or for approval by a physical examination. That Act provided that one per cent of the salary was to be deducted and withheld and placed in the fund of the trustees. We cannot say that at the time of entering into the fire service the deceased fireman elected voluntarily to participate under the statute in effect.

The determination of this case is controlled by *Bergin v. Board of Trustees,* 31 Ill.2d 566; 202 N.E.2d 489. Bergin was a teacher within the Teachers' Retirement System, a compulsory pension plan. At the time of his employment in 1953, he designated his mother and brother to receive the benefits then authorized at the event of his death. He thereafter married and had two children, but failed to modify or revoke the designation of the beneficiaries. Four months prior to his death in 1959, the statute was amended to provide certain benefits which dependents might elect. The issue to be determined was whether the benefits should go to the designated non-dependent beneficiaries or the dependent beneficiaries as authorized or provided for under the amendment in effect. It was contended that to disregard Bergin's designation of his non-dependent beneficiaries would violate his contractual rights. The court said:

"It has long been settled that compulsory participation in a statutory pension plan confers no vested rights, thus permitting amendment, change or repeal as the legislature sees fit. (*Keegan v. Board of Trustees,* 412 Ill. 430; *Blough v. Ekstrom,* 14 Ill.App.2d 153.)"

See also *People v. Bd. of Trustees F. P. F.,* 220 Ill.App. 242, and *People v. Retirement Board,* 326 Ill. 579, 158 N.E. 220.

■■ The statute in effect at the death of Francis Londrigan provided that to be eligible for pension benefits, the child "[M]ust have been

born in esse before the fireman resigned or was discharged   \*   \*   \*." (Ill. Rev. Stat. 1969, ch. 108½, par. 4—115.1.) Under such provision, the claimants are excluded from the pension benefits.

The judgment of the Circuit Court is reversed and the order of the Trustees is affirmed.

Judgment reversed.

CRAVEN and SMITH, JJ., concur.