ROBERT SHANAHAN et al., Plaintiffs-Appellants, v. POLICEMEN'S ANNUITY AND BENEFIT FUND OF THE CITY OF CHICAGO et al., Defendants-Appellees.

First District (3rd Division)   No. 61834

Opinion filed October 21, 1976.

James J. Ahern, of Chicago, for appellants.

William R. Quinlan, Corporation Counsel, of Chicago (Marsile J. Hughes, Assistant Corporation Counsel, of counsel), for appellees.

Mr. PRESIDING JUSTICE MEJDA delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Cook County affirming a decision by the Retirement Board of the Policemen's Annuity and Benefit Fund of the City of Chicago (Board) denying the applications of plaintiffs Robert Shanahan and Howard Goodrich for pensions.

The facts are not in dispute. Plaintiffs are both former members of the Chicago Police Department. Plaintiff Shanahan entered service on February 11, 1946, and plaintiff Goodrich on April 14, 1950. During their service as policemen, in accordance with the provisions of the Policemen's Annuity and Benefit Fund Act (Ill. Rev. Stat. 1971, ch. 108½, pars. 5—101 to 5—229) (hereinafter Policemen's Annuity Act), certain deductions were made from their salaries and transferred to the Benefit Fund; in addition, certain contributions were made by the city in behalf of future beneficiaries.

On July 5, 1972, both plaintiffs were convicted of the Federal felony offense of perjury for having given false testimony before a Federal grand jury. (18 U.S.C. §1623 (1970).) However, at the time, perjury was a misdemeanor under Illinois law.[1] Both officers were sentenced to two years' probation and both immediately resigned from the police force and filed applications for pensions with the Board.

On September 25, 1972, the Board denied the claims of both plaintiffs, relying upon section 5—227 of the Policemen's Annuity Act (Ill. Rev. Stat.

---

[1] From 1962 to 1973 perjury was punishable by the alternative penalties of a fine, imprisonment, or both (Ill. Rev. Stat. 1969, ch. 38, par. 32—2(c)), and as such was a misdemeanor. (*People v. Novotny* (1968), 41 Ill. 2d 401, 403, 244 N.E.2d 182, 184.) Perjury is now a Class 3 felony in Illinois, effective January 1, 1973 (Ill. Rev. Stat. 1975, ch. 38, par. 32—2(d)).

1971, ch. 108½, par. 5—227), which precludes payment to a person convicted of any felony relating to or arising out of or in connection with his service as a policeman. Plaintiffs filed a timely complaint pursuant to the Administrative Review Act (Ill. Rev. Stat. 1971, ch. 110, pars. 264 *et seq*.). Following a hearing, the trial court entered an order affirming the decision of the Board from which plaintiffs appeal. The right of plaintiffs to a refund of their respective contributions to the fund is not disputed. They admit that the perjury convictions were "service connected."

On appeal plaintiffs contend (1) that the words "convicted of any felony" as used in section 5—227 of the Policemen's Annuity Act were not intended to include a conviction of perjury under Federal law for the purpose of the denial of pension benefits; (2) that the denial of plaintiffs' pension rights based on section 5—227 violates article XIII, section 5, of the Illinois Constitution;[2] (3) that the use of section 5—227 to deny plaintiffs' pensions for conviction of a felony in a Federal court violates the due process and equal protection provisions of both the United States Constitution (U.S. Const., amend. XIV) and the Illinois Constitution (Ill. Const. 1970, art. I, §2); and (4) that the denial of plaintiffs' pensions violates article I, section 11, of the Illinois Constitution which provides in part: "No conviction shall work corruption of blood or forfeiture of estate."

The threshold issue before this court upon which plaintiffs' case rests is whether section 5—227 of the Policemen's Annuity Act is applicable to deny their pension claims. We hold that the section does not apply to policemen who entered service prior to July 11, 1955. Since both plaintiffs were members of the police department prior to that date, the section does not operate to bar the pension claims in the instant case. It is therefore unnecessary to reach the other contentions raised by plaintiffs.

When plaintiffs first became members of the Chicago Police Department the only provision relating to loss of pension benefits for reason of a felony conviction provided: "Whenever any person who *shall have received* any benefit under this Act shall be convicted of a felony * * * such policeman shall receive *no further* pension allowance or benefit under this Act." (Ill. Rev. Stat. 1953, ch. 24, par. 910.) (Emphasis added.)

Clearly, this provision applied only to officers who were convicted of a felony *after* they had already been receiving benefits of some kind. It was not until July 11, 1955 that a predecessor of section 5—227 was enacted, which provided in pertinent part:

---

[2] Article XIII, section 5, of the Illinois Constitution of 1970 provides

"Membership in any pension or retirement system of the State, any unit of local government or school district, or any agency or instrumentality thereof, shall be an enforceable contractual relationship, the benefits of which shall not be diminished or impaired."

"Notwithstanding any other provision of this Act, none of the benefits herein provided for shall be paid to any person who is convicted of any felony relating to or arising out of or in connection with his service as a policeman.

\* \* \*

All *future entrants* shall be deemed to have consented to the provisions of this Section as a condition of coverage." (Ill. Rev. Stat. 1955, ch. 24, par. 945a.) (Emphasis added.)

In 1961, a new Policemen's Annuity and Benefit Fund Act was enacted (Ill. Rev. Stat. 1961, ch. 24, pars. 10—7—1 to 10—7—72). It included section 10—7—3 (par. 10—7—3) which contained the above former provisions with minor changes in wording. Finally, in 1963, the Illinois Pension Code (Ill. Rev. Stat. 1963, ch. 108½, pars. 1—101 to 23—103) was enacted, which specifically repealed numerous enactments which had covered the same subject matter (par. 23—102). Section 5—227 of the present Policemen's Annuity Act replaced section 10—7—3 of the 1961 Act and is the statutory provision at issue here. As finally amended in 1969, it provides:

"None of the benefits provided for in this Article shall be paid to any person who is convicted of any felony relating to or arising out of or in connection with his service as a policeman.

None of the benefits provided for in this Article shall be paid to any person who is convicted of any felony while in receipt of disability benefits.

This section shall not operate to impair any contract or vested right heretofore acquired under any law or laws continued in this Article, nor to preclude the right to a refund.

All *future entrants entering service subsequent to July 11, 1955*, shall be deemed to have consented to the provisions of this section as a condition of coverage. (Ill. Rev. Stat. 1971, ch. 108½, par. 5—227.)" (Emphasis added.)

Of primary importance in the instant case is the last paragraph of section 5—227. Its intent is clear and unambiguous that the section was not meant to apply to those officers who entered service prior to July 11, 1955. This conclusion is bolstered by section 5—111 of the Policemen's Annuity Act (ch. 108½, par. 5—111) which specifically defines the term "future entrant" as "(a) A person employed by a city as a policeman for the first time on or after the effective date; (b) A former policeman of a city who reenters the police service on or after the effective date; \* \* \*."

Ordinarily, the use of such clear language indicates that no exercise in statutory construction is needed. Where the wording of a statute is unambiguous there is no occasion for construction to ascertain its meaning. (*Nordine v. Illinois Power Co.* (1965), 32 Ill. 2d 421, 206 N.E.2d

709; *People ex rel. Nelson v. Olympic Hotel Building Corp.* (1950), 405 Ill. 440, 91 N.E.2d 597.) However, by turning to the rules of statutory construction in this instance we can erase what little doubt might possibly exist as to the inapplicability of section 5—227 to the case at bar.

The primary rule of construction is that the intention of the legislature be ascertained and given effect. (*People v. Scott* (1974), 57 Ill. 2d 353, 312 N.E.2d 596; *Certain Taxpayers v. Sheahen* (1970), 45 Ill. 2d 75, 256 N.E.2d 758; *Tan v. Tan* (1972), 3 Ill. App. 3d 671, 279 N.E.2d 486.) In so doing, it has long been held that the courts must look to the plain and ordinary meaning of the language used by the legislature (*In re Leyden Fire Protection District* (1972), 4 Ill. App. 3d 273, 280 N.E.2d 744; *Niles Improvement Association v. J. Emil Anderson & Son, Inc.* (1968), 93 Ill. App. 2d 167, 236 N.E.2d 402; *Blough v. Ekstrom* (1957), 14 Ill. App. 2d 153, 144 N.E.2d 436), in the absence of a statutory definition or other indication of a contrary intent (*People v. Young* (1968), 100 Ill. App. 2d 20, 241 N.E.2d 587; *People v. LaPorte* (1960), 28 Ill. App. 2d 139, 171 N.E.2d 95). In this instance the only applicable statutory definition of "future entrant" is expressly contained in section 5—111. Certainly, this definition reenforces the presumption that the legislature intended that this term be given its ordinary and plain meaning.

The fact that section 5—227 expressly applies to "future entrants entering service after July 11, 1955," impliedly excludes prior entrants from coverage. Where a statute enumerates persons affected, it must be construed as excluding from its effect all those not expressly mentioned. (*McDonald v. Board of Election Commissioners* (N.D. Ill. 1967), 277 F.Supp. 14, *aff'd*, 394 U.S. 802 (1969); *Nelson v. Union Wire Rope Corp.* (1964), 31 Ill. 2d 69, 199 N.E.2d 769; *People v. Criswell* (1973), 12 Ill. App. 3d 102, 298 N.E.2d 391.) Thus, without any indicators to the contrary, the presumption is that the legislature intended to exclude from coverage those officers who joined the force prior to July 11, 1955. If a contrary intent had been intended then the inclusion of the final paragraph in section 5—227 would be meaningless and serve no purpose. We would be forced to label it mere surplus verbiage, and clearly such a presumption of surplusage is impermissible under the traditional rules of statutory construction. (*Hirschfield v. Barrett* (1968), 40 Ill. 2d 224, 239 N.E.2d 831, *cert. denied*, 393 U.S. 1062, 21 L. Ed. 2d 706, 89 S. Ct. 716 (1969); *People ex rel. Barrett v. Barrett* (1964), 31 Ill. 2d 360, 201 N.E.2d 849; *Tan v. Tan* (1972), 3 Ill. App. 3d 671, 279 N.E.2d 486.) A statute should be construed so that no word, clause, or sentence is rendered meaningless or superfluous. *People ex rel. Barrett v. Barrett; Martin v. Orvis Brothers & Co.* (1974), 25 Ill. App. 3d 238, 323 N.E.2d 73.

Finally, another factor supports our conclusion that plaintiffs are not within the purview of section 5—227. The original enactment of the

provision in 1955 denying policemen's pension benefits due to a service-connected felony conviction has been retained throughout two separate revisions of the pension acts in 1961 and again in 1963 and as amended in 1969 (P. A. 76-1584, §1, eff. September 29, 1969), continues to the present. At no time did the legislature alter the statute to evidence any intent that the felony conviction should apply retroactively to officers who entered service prior to July 11, 1955. The original statute was enacted on July 11, 1955 (Ill. Rev. Stat. 1955, ch. 24, par. 945a) as an amendment to the then pension act and then first used the term "future entrants" in pertinent part. This term has been retained in each subsequent enactment of the related pension acts. Section 1—102 of the Illinois Pension Code provides in part: "The provisions of this Code insofar as they are the same or substantially the same as those of any prior statute, shall be construed as a continuation of such prior statute and not as a new enactment." (Ill. Rev. Stat. 1975, ch. 108½, par. 1—102.) Therefore, section 5—227 is a continuation of its predecessor statutes dating back to July 11, 1955, and is so to be construed, and not a new enactment.

■■ Furthermore, when the provision was enacted on July 11, 1955, its use of the term "future entrants" prevented a retroactive application. Not only was the language plain and clear, but it has long been held that a statute is presumptively intended to operate prospectively only. (*People ex rel. Manczak v. Carpentier* (1954), 3 Ill. 2d 556, 121 N.E.2d 762; *Blough v. Ekstrom* (1957), 14 Ill. App. 2d 153, 144 N.E.2d 436.) As this court recently stated in *Tyrrell v. Municipal Employees Annuity & Benefit Fund* (1975), 32 Ill. App. 3d 91, 99, 336 N.E.2d 97, 104:

> "In accordance with that presumption, the rule has developed that statutes or amendments are to be construed prospectively, unless the legislative intent that they be applied retroactively is clearly apparent from either the express language used or by necessary and unavoidable implication."

No intent for retroactive applications is clearly apparent in the instant case.

Even if, arguendo, section 5—227 could be viewed as a new enactment independently of its predecessor statutes, the only indication in such instance of any type of retroactive intent is that the 1963 enactment of section 5—227 of the Pension Code (which repealed and replaced a similar provision in Ill. Rev. Stat. 1961, ch. 24, par. 10—7—3) specifically dates its effect back to July 11, 1955. Thus, it is clear that to the extent section 5—227 has retroactive effect, it is expressly limited by its own provisions. We cannot presume or imply, contrary to an express provision, that section 5—227 should also apply retroactively to take effect prior to July 11, 1955.

■■ It must be noted that the legislature could have made section 5—

227 applicable to prior entrants. By the time the original provision was enacted in 1955, and when the subsequent acts were enacted, it had been settled as a matter of law in Illinois that such compulsory public employee pension plans were considered to be mere gratuities bestowed upon the employees by a benevolent government. (*Raines v. Board of Trustees* (1937), 365 Ill. 610, 7 N.E.2d 489; *Pecoy v. City of Chicago* (1914), 265 Ill. 78, 106 N.E. 435.) The State could have retroactively amended or even repealed such programs as it saw fit. The employees had no vested or contractual rights which would have been abridged by any such actions. *Bergin v. Board of Trustees* (1964), 31 Ill. 2d 566, 202 N.E.2d 489; *Keegan v. Board of Trustees* (1952), 412 Ill. 430, 107 N.E.2d 702; *Londrigan v. Board of Trustees* (1972), 7 Ill. App. 3d 572, 288 N.E.2d 125.) However, it is to be expressly noted that in view of our holding in the instant case we do not consider nor reach the status of such pension plans as contracts under article XIII, section 5, of the Illinois Constitution of 1970.

■■ For the foregoing reasons, the decision of the Board and the order of the Circuit Court of Cook County denying plaintiffs' applications for annuity are reversed; and the cause is remanded to the Circuit Court for the entry of an order directing the Board to grant the respective applications as of their respective filing dates, and for further proceedings not inconsistent with this opinion.

Reversed and remanded.

DEMPSEY and SIMON, JJ., concur.