HENRY ARNOLD *et al.*, Plaintiffs-Appellants, *v.* THE BOARD OF TRUSTEES OF THE COUNTY EMPLOYEES' ANNUITY AND BENEFIT FUND OF COOK COUNTY *et al.*, Defendants-Appellees.

First District (1st Division)    No. 79-816

Opinion filed February 25, 1980.

Michael D. Firsel, of Kamensky & Landan, of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., and Mark V. Chester, Assistant State's Attorneys, of counsel), for appellees.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

The Board of Trustees of the County Employees' Annuity and Benefit Fund of Cook County (defendant), cancelled payment of further pension benefits to Henry J. Arnold (plaintiff), formerly a county employee, because he had pleaded guilty to a felony relating to his employment. Arnold and his wife Edythe sought review of the judicial administrative decision of the defendant. The trial court affirmed the pension revocation. Plaintiffs appeal.

The following factual chronology is undisputed:

(1) Plaintiff became an employee of Cook County and a participant in the pension fund in November 1940.

(2) During 1955 a statute was passed which provided for forfeiture of pension rights as to employees convicted of a felony arising out of service of the employee.

(3) On January 1, 1973, the county commenced paying a pension to plaintiff.

(4) On August 2, 1973, plaintiff pleaded guilty to a felony arising out of his service as an employee.

(5) On September 7, 1973, the defendant voted to terminate plaintiff's pension.

The present pertinent statute (Ill. Rev. Stat. 1977, ch. 108½, par. 9—235) provides:

"None of the benefits provided in this Article shall be paid to any person who is convicted of any felony relating to or arising out of or in connection with his service as an employee.

This section shall not operate to impair any contract or vested right heretofore acquired under any law or laws continued in this Article, nor to preclude the right to a refund.

All future entrants entering service after July 11, 1955, shall be deemed to have consented to the provisions of this section as a condition of coverage."

The issue before us is one of law. The pertinent authorities are *Kerner v. State Employees' Retirement System* (1978), 72 Ill. 2d 507, 382 N.E.2d 243, *cert. denied* (1979), 441 U.S. 923, 60 L. Ed. 2d 397, 99 S. Ct. 2032, and *Shanahan v. Policemen's Annuity and Benefit Fund* (1976), 43 Ill. App. 3d 543, 357 N.E.2d 582. *Kerner* involved section 14—199 of the Illinois Pension Code (Ill. Rev. Stat. 1975, ch. 108½, par. 14—199) pertaining to State of Illinois employees. *Shanahan* involved section 5—227 of the Illinois Pension Code (Ill. Rev. Stat. 1971, ch. 108½, par. 5—227) pertaining to the Policemen's Annuity Act. The differences between these two statutes and the one involved in the case before us are minimal and not important. The pension revocation provisions of all three of these statutes were passed as of July 1955.

The chronology in *Kerner* was:

(1) In 1965 the pensioner joined the State pension system.

(2) In 1968 the pensioner retired and was granted monthly benefits.

(3) Thereafter pensioner was convicted of felonies relating to his service as a State employee.

The chronology in *Shanahan* was:

(1) On February 11, 1946, Shanahan entered service as a police officer. A co-plaintiff Goodrich entered service on April 14, 1950. Both joined the policemen's fund concurrently.

(2) On July 5, 1972, both plaintiffs were convicted of a Federal felony in connection with their service.

(3) Both officers resigned and made pension applications.

(4) On September 25, 1972, the Retirement Board denied their pension claims.

In *Kerner*, the supreme court upheld the action of the Board in

denying the pension. The pensioner there entered service after July 11, 1955, which was and is the statutory date of consent to the provisions of pension revocation. In view of the factual differences above pointed out, we have concluded that the *Kerner* decision is not applicable here. On the contrary, in *Shanahan*, this court reversed the action of the Police Board. Shanahan and his fellow officer Goodrich entered upon service and affiliated with the pension fund years before the effective date of the pertinent statute.

Our own study convinces us that *Shanahan* governs the case before us. Here, as in *Shanahan*, the pensioner commenced service and became a member of the pension fund long before the effective date expressed in the third paragraph of the pension statute above quoted. In *Shanahan*, this court stated the applicable maxims of statutory construction and cited the authorities in support thereof. We adopt here the clear and convincing analysis and citation of authorities appearing at pages 547 and 548 of the *Shanahan* opinion.

We need only add that the parties to the instant case have discussed the application here of article XIII, section 5 of the Illinois Constitution of 1970 which provides:

> "Membership in any pension or retirement system of the State, any unit of local government or school district, or any agency or instrumentality thereof, shall be an enforceable contractual relationship, the benefits of which shall not be diminished or impaired."

In this regard also, we approve of and we will follow this conclusion reached in *Shanahan* (43 Ill. App. 3d 543, 549):

> "The State could have retroactively amended or even repealed such programs as it saw fit. The employees had no vested or contractual rights which would have been abridged by any such actions. (*Bergin v. Board of Trustees* (1964), 31 Ill. 2d 566, 202 N.E.2d 489; *Keegan v. Board of Trustees* (1952), 412 Ill. 430, 107 N.E.2d 702; *Londrigan v. Board of Trustees* (1972), 7 Ill. App. 3d 572, 288 N.E.2d 125.) However, it is to be expressly noted that in view of our holding in the instant case we do not consider nor reach the status of such pension plans as contracts under article XIII, section 5, of the Illinois Constitution of 1970."

For these reasons we reverse the judgment order appealed from. We remand the cause for further proceedings consistent with the above opinion.

Judgment order reversed, cause remanded.

McGLOON and O'CONNOR, JJ., concur.