Frank A. Benner, Jr., Appellee, v. Retirement Board of Firemen's Annuity and Benefit Fund of Chicago, Appellant.

Gen. No. 40,678.

Opinion filed October 25, 1939.

BARNET HODES, Corporation Counsel, and GEORGE F. MULLIGAN, Assistant Corporation Counsel, for appellant.

HETH, LISTER & FLYNN, of Chicago, for appellee.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

Plaintiff Frank A. Benner, Jr., filed a petition for a writ of certiorari against the Retirement Board of the Firemen's Annuity and Benefit Fund of Chicago, demanding that they recognize his standing and place him on the list of persons eligible for a pension as a fireman of the city of Chicago. The court sustained the petition for certiorari, quashed the return of the defendant and the writ of certiorari was ordered to be issued.

The theory of the plaintiff is that Frank A. Benner, Jr., has worked in the fire service of the city since June 10, 1913, and therefore is entitled to full credit for the period of time he occupied the position of assistant telegraph repairer or telegraph repairer, prior to the time these positions were classified in the fire service of the city of Chicago by the civil service commission of that city, and that the mere reclassification of the positions occupied by the plaintiff, by the civil service commission on February 5, 1923, is not determinative of the plaintiff's rights or as to the period of time he actually served the city of Chicago in the fire service of that city. Plaintiff also relies upon the fact that there was no change in the nature of the duties performed by him, after his position was classified in the fire service by the civil service commission on February 5, 1923. Both before and after February 5, 1923, telegraph repairers and assistant telegraph repairers were required to report to the chief of fire alarm wires.

The theory of the defendant, Retirement Board of the Firemen's Annuity and Benefit Fund, is that Frank A. Benner, Jr., is not entitled to prior service credits for any period of time prior to said February 5, 1923.

The controlling question in this case appears to be as to whether or not the plaintiff was a fireman as contemplated by the statute and thereby entitled to be so considered when figuring out his retirement age as provided in the act. The facts seem to be undisputed.

It appears that plaintiff Frank A. Benner, Jr., is a telegraph repairer of the city of Chicago, and has occupied the positions of assistant telegraph repairer, telegraph repairer and junior fire alarm operator since June 10, 1913, with the exception of a leave of absence of about one year; that he was certified as assistant telegraph repairer on June 10, 1913; that he was granted a leave of absence on May 20, 1918, and was reinstated to his former position on March 13, 1919; that since that time, with the exception of a layoff of 10 days in

1917, he has been either an assistant telegraph repairer, a junior fire alarm operator or a telegraph repairer.

It further appears that when Frank A. Benner, Jr., was certified by the civil service commission of the city of Chicago in the year 1913 as an assistant telegraph repairer, the positions of assistant telegraph repairer and telegraph repairer were classified by the civil service commission of Chicago as being in "Class K" and he was assigned to the department of gas and electricity of the city of Chicago; that "Class K" was the symbol or designation given by the civil service commission to skilled labor in the city service.

It further appears that on February 5, 1923, the civil service commission of the city of Chicago changed the classification of the positions of assistant telegraph repairer and telegraph repairer to the fire department and from that of "skilled labor" assigned theretofore to the department of gas and electricity.

It further appears that the Firemen's Pension Fund Act of 1917, declared that the term "fireman" as used in that act should include any person holding a position classified by the civil service commission as in the fire department and anyone when so classified thereupon became entitled thereafter to the benefits of the Firemen's Pension Fund Act.

It further appears that deductions were made from plaintiff's salary for pension purposes during his entire period of service and were paid into a different pension fund known as the Municipal Employees' Pension Fund and into the Municipal Employees' Annuity and Benefit Fund.

It further appears that by reason of the definition of "fireman" in the said Act of 1917, Benner had a right to apply for a transfer to the firemen's pension fund any time subsequent to February 5, 1923.

As to whether the plaintiff Benner is a fireman or not, the amendment to defendant's return which for the

purposes of this hearing we must consider as true, further sets out the duties of telegraph repairer and assistant telegraph repairer prior to February 5, 1923, as follows:

"Assistant telegraph repairer is to assist the telegraph repairer in the performance of all emergency repair work in the Bureau of Fire Alarm and Police Telegraph, and in the absence of the telegraph repairer, performs the duties of the latter as follows:

"Keeps all the city signal and telephone circuits in a definitely assigned district in proper repair and good working condition:

"Keep all Fire and Police boxes and all telegraph apparatus in Fire Alarm offices and Fire Engine Houses, Police Stations and other municipal quarters in his district in good working order:

"Does all cleaning and repairing of defects on Fire Alarm and Police Telegraph equipment that can be done without bringing instrument to Fire Alarm and Police shops:

"Make frequent inspections of his line and instruments in his district. Takes proper care of all other city property in his possession:

"Make daily reports to Chief of Fire Alarm Wires of work performed:

"Make diagrams and estimate when necessary for needed betterments of Fire Alarm and Police Telegraph equipment and all other necessary changes and repairs in his district that cannot be done by himself:

"Performs any emergency work assigned to him by his immediate superior with greatest possible expedition. On duty within call of the Fire Alarm Office at all hours of the day and night throughout the year except when on a Regular Off or on a special leave of absence granted by the Chief of Fire Alarm Wires or his assistant."

The Firemen's Pension Fund Act, filed June 14, 1917, ch. 24, par. 943, sec. 13, Ill. Rev. Stat. 1939 [Jones

Ill. Stats. Ann. 100.364], contains the following definition:

"943. 'FIREMEN' DEFINED.] § 13. In cities which have adopted an Act entitled, 'An Act to regulate the civil service of cities,' approved and in force March 20, 1895, all persons who have been or shall hereafter be appointed to any position which is classified by the civil service commission of such city in the fire service of such city, and in cities which have not adopted said Civil Service Act, all persons appointed to any position in the fire department, shall be included within the meaning of the word or term 'fireman' or 'firemen' as used in this Act. All other persons who at the time this Act shall become effective shall have contributed to any firemen's pension fund then existing, shall also be included within the meaning of the term 'fireman' or 'firemen' as used in this Act, and shall be entitled to the benefits of this Act."

It is apparent from a reading of this section of the statute and considering the evidence that Benner was not a "fireman" within the intent of the statute or in contemplation of law. He was paying certain moneys into the Municipal Employees' Pension Fund and, apparently, had no thought of becoming a fireman until the Act of 1917 went into effect. It is true that he did some work for the fire department, but he also did work for the police department and was classified as "skilled labor" by the civil service commission. We can find no evidence that he was ever carried on the pay roll of the fire department, but on the contrary he was shown as a member of the department of gas and electricity.

It is further contended by defendant that the facts in this case do not justify the application of the cases cited in support of plaintiff's theory. In this we think they are right. We do not think plaintiff was a fireman in 1913, in contemplation of the statute, and for that reason the circuit court erred in quashing the return of

defendant and the writ of certiorari should not have issued.

The judgment order of the circuit court is hereby reversed.

*Judgment order reversed.*

HEBEL and BURKE, JJ., concur.