(No. 65351.—

LAWRENCE HERHOLD, Appellee, v. THE RETIRE-
MENT BOARD OF THE FIREMEN'S ANNUITY
AND BENEFIT FUND OF CHICAGO *et al.*, Appel-
lants.

*Opinion filed November 16, 1987.*

Fagel, Haber & Maragos, of Chicago (Maynard B.
Russell, Steven J. Teplinsky and James A. Roth, of coun-
sel), for appellants.

Terrance C. Hilliard, of Chicago, for appellee.

JUSTICE SIMON delivered the opinion of the court:

The application of plaintiff, Lawrence Herhold, for
disability benefits requires us to interpret and apply that

portion of the Illinois Pension Code that provides for pensions for firemen (Ill. Rev. Stat. 1985, ch. 108½, par. 6—101 *et seq.*).

From February 1977 until December 1985, Herhold was employed by the City of Chicago as a fire department paramedic. He was a contributor to the Municipal Employees', Officers' and Officials' Annuity and Benefit Fund (Municipal Fund) until July 1, 1983, when the fire department paramedics were accepted *en masse* by the city's Firemen's Annuity and Benefit Fund (Firemen's Fund). Their acceptance into the Firemen's Fund was in anticipation of the effective date of a statutory amendment to the definition of "fireman" in the Pension Code. The amendment became effective on September 24, 1983, and added fire department paramedics to the definition of fireman, thus making paramedics eligible for membership in the Firemen's Fund. The statute as amended defines a "fireman" as any person who:

> "a) was, is, or shall be employed by a city in its fire service as a fireman, *fire paramedic*, fire engineer, marine engineer, or fire pilot." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 108½, par. 6—106(a).

Seventeen months after commencing contribution to the Firemen's Fund, Herhold suffered an illness unrelated to his job that disabled him, and he applied for ordinary disability benefits under section 6—152 of the Pension Code. The retirement board of the Firemen's Fund (the Board) awarded Herhold benefits based on the period of time he contributed to the Firemen's Fund. Herhold claimed that he was entitled to disability benefits computed on the basis of the entire time he was employed as a paramedic, including the time before he began contributing to the Firemen's Fund as well as the time since July 1, 1983, when he commenced to contribute.

Herhold sought administrative review of the Board's decision in the circuit court of Cook County. The circuit court denied the Board's motion for summary judgment and allowed Herhold's. It ruled as a matter of law that his benefits should be based on the entire time he served as a paramedic. The appellate court affirmed that decision (156 Ill. App. 3d 454), and we allowed the Board's petition for leave to appeal (107 Ill. 2d R. 315(a)).

The issue we are called upon to resolve is whether the statute, as amended by adding "fire paramedic" to the definition of "fireman," now provides that the entire time a paramedic has been employed in that capacity be recognized in determining his status in the Firemen's Fund for the purpose of disability benefits or only the time after the paramedic commenced making contributions.

Two other provisions of the Pension Code, in addition to the amendment to the definition of "fireman" referred to above, are relevant to the determination we are called upon to make. Section 6—152, which is the provision on which Herhold's claim is founded, reads:

"Any fireman who is not eligible for minimum annuity, who becomes disabled after the effective date as the result of any cause other than the performance of an act or acts of duty, shall have a right to receive ordinary disability benefit during any period or periods of such disability, after the first 30 days of disability. Payment of such benefits shall not exceed, in the aggregate, throughout *the entire service of the fireman,* a period equal to 1/2 of the *total service rendered by him* prior to the time he became disabled, but not to exceed 5 years." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 108½, par. 6—152.

Section 6—209, which sets forth the method for computing service of a member of the Firemen's Fund for purposes of his pension rights, provides:

"In computing the *service rendered by a fireman* on and after the effective date, the following periods shall be

counted in addition to all *periods during which he performed the duties of his position,* as periods of service for annuity purposes only: All periods of (a) vacation, (b) leave of absence with whole or part pay, (c) leave of absence during which he was engaged in the military or naval service of the United States of America, (d) disability for which he receives any disability benefit, (e) disability for which he receives [either] whole or part pay, and (f) leave of absence, or other authorized relief from [the] active duty during which he served as president of The Firemen's Association of Chicago ***." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 108½, par. 6—109.

The proper construction to be given to the words "the entire service of the fireman" as well as the words "total service rendered by him" appearing in section 6—152 is that they refer to the entire period that a person was employed in the capacity of "fireman" as that word is defined in section 6—106(a). Once the words "fire paramedic" were incorporated in that definition, paramedics were entitled to be recognized as firemen from the beginning of their service as paramedics. Similarly, the words "the service rendered by a fireman" and "periods during which he performed the duties of his position" appearing in section 6—209 refer to a person's service and performance of his duties both before and after the amendment to the definition of "fireman" which made paramedics eligible to become members of the Firemen's Fund. Herhold performed the duties of a paramedic both before and after the amendment, and as we read the language in question it clearly provides that a person eligible to participate in the pension fund is to receive credit for the full period he was employed in the position which is incorporated within the coverage of the statute. The language of both section 6—152 and section 6—209 support the conclusion that a disabled paramedic is to receive benefits computed on the length of his entire time in service in any position which entitles him at any point

during his employment to participate in the Firemen's Fund.

The Board argues that this interpretation of the statutes gives Herhold a windfall because he received a refund of his contributions to the Municipal Fund while at the same time he was not required to compensate the Firemen's Fund for the period he was a participant in the former fund. The Firemen's Fund refused, however, to accept a transfer of Herhold's contribution to the Municipal Fund because the Firemen's Fund had not accepted the Retirement Systems Reciprocal Act (Ill. Rev. Stat. 1985, ch. 108½, pars. 20—101 through 20—133). The Board argues that the rejection of the reciprocity provisions of the Pension Code was the decision of the legislature and not of the Board. In either event, however, there was no procedure under which Herhold, had he wished to do so, could have transferred to the Firemen's Fund his contributions previously made to the Municipal Fund. At the same time, the Municipal Fund refunded the contributions Herhold.had previously made to it based on its position that an employee could not simultaneously participate in that fund and the Firemen's Fund. There is no justification for penalizing Herhold for the manner in which these two pension funds operated because he had no control over their procedures. Moreover, we find incredible the suggestion that it was the intention of the legislature in conferring upon paramedics the advantage of joining the Firemen's Fund to leave them at the same time without benefits for the service they accrued as paramedics before the legislature offered them the opportunity to join that fund. In construing the statutes with which we are required to deal in this appeal, we must assume that the legislature did not intend an absurd or unjust result. *People v. Steppan* (1985), 105 Ill. 2d 310, 316.

We find nothing in the statute governing firemen's pensions that indicates that any disability benefit is to be limited to the length of time a fireman has contributed to the Firemen's Fund instead of the length of time he has performed the duties of the position which under the statute entitled him to become a contributor. The firemen's pension statute is clear on its face, and we have no difficulty in concluding from the plain and ordinary meaning of the language in question that it reflects an obvious intent of the legislature to give a disabled employee in the fire department benefits proportionate to his continuity in the job which makes him eligible for membership in the Firemen's Fund. See *Maloney v. Bower* (1986), 113 Ill. 2d 473, 479.

Our appellate court's opinions as well as those of other jurisdictions which the Board asks us to consider fail to lead us to a different conclusion. *Shanahan v. Policeman's Annuity & Benefit Fund* (1976), 43 Ill. App. 3d 543, involved a specific statutory provision which clearly operated prospectively and applied only to future entrants commencing service subsequent to a stated date. The court held that the statute did not apply to the plaintiffs, who were members of the fund prior to the date stated in the statute. *Shanahan* is of no help here, for we are not confronted with a statute providing for a prospective limitation on Herhold's benefits.

Neither is *Benner v. Retirement Board of the Firemen's Annuity & Benefit Fund* (1939), 301 Ill. App. 416, dispositive. Benner, a telegraph operator, belonged only to the Municipal Fund. Although he may have been eligible to join the fire department pension fund had he desired to do so, in contrast to Herhold, Benner never chose to become a contributor to that fund. This distinguishes his situation from that of Herhold's. In any event, if *Benner* holds that had Benner contributed to the Firemen's Fund he would be eligible to participate in

that fund only from the date he commenced to make contributions, we disagree with the conclusion of the appellate court.

The Board argues that the amendment to the definition of "fireman" should only apply prospectively, citing *Young v. Board of Trustees* (1978), 57 Ill. App. 3d 689, and *Tyrell v. Municipal Employees Annuity & Benefit Fund* (1975), 32 Ill. App. 3d 91. The employees in both cases sought to rely on subsequently enacted statutes to overturn decisions reached by administrative bodies prior to the statutory enactment. In each case the appellate court relied on the presumption that a statute is to be given prospective application only unless the legislature has clearly indicated a contrary intent. Applying this rule, the court in *Tyrell* found that the statute at issue should be given prospective application only (32 Ill. App. 3d 91, 101), while the court in *Young* determined that the statute at issue there applied retroactively (57 Ill. App. 3d 689, 695). In this case, as we have observed above, the controlling statutes clearly direct that the employee is to be credited for his service as a paramedic prior to the amendment incorporating paramedics in the Firemen's Fund.

*State ex rel. Bakos v. Corrigan* (Ohio App. 1957), 140 N.E.2d 40, 43, involved a statute which, unlike ours, conferred upon a pension fund's trustees discretion to grant or deny service credit. *Corrigan* is inapplicable because the pension code in the instant case defines the period of eligibility in detail and does not leave the length of service credit to the discretion of the Board.

The two additional cases which the Board invites to our attention, *Firemen's & Policemen's Civil Service Comm'n v. Wells* (Texas 1957), 306 S.W. 895, 896, and *Automobile Drivers & Demonstrators Union v. Department of Retirement Systems* (1979), 92 Wash. 2d 415, 598 P.2d 379, are also not relevant to this appeal. In

both cases individuals were denied benefits because their positions were not included in the definition of allowed contributors. The amendment adding "paramedics" to the definition of "fireman" included paramedics among the positions covered by our pension code.

For the reasons stated, the judgments of the appellate and circuit courts are affirmed.

*Judgments affirmed.*