FRED COLLINS *et al.*, Indiv. and as Representatives of a Group of Individuals Similarly Situated, Plaintiffs-Appellants, v. BOARD OF TRUSTEES OF THE FIREMEN'S ANNUITY AND BENEFIT FUND OF CHICAGO, Defendant-Appellee.

First District (5th Division)   No. 1—90—2082

Opinion filed February 28, 1992.

Terrance A. Hilliard, of Chicago, for appellants.

Fagel & Haber, of Chicago (Steven J. Teplinsky, James A. Roth, and Maynard B. Russel, of counsel), for appellee.

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

This is an appeal from the trial court's order granting the Board of Trustees of the Firemen's Annuity Benefit of Chicago's (Board's) motion to dismiss plaintiffs' complaint for declaratory judgment seeking to declare section 6—210.1 of the Illinois Pension Code (Ill. Rev. Stat. 1989, ch. 108½, par. 6—210.1) unconstitutional under article XIII, section 5, of the Illinois Constitution.

Prior to July 1983, paramedics of the Emergency Medical Services Bureau of the Chicago Fire Department were members of the Municipal Employees', Officers' and Officials' Annuity and Benefit Fund of Chicago (Municipal Fund). On July 1, 1983, the fire department paramedics were eligible to become members of the Firemen's Annuity and Benefit Fund of Chicago (Firemen's Fund). Their acceptance into the Firemen's Fund was in anticipation of a statutory amendment to the definition of "firemen." The amendment, effective September 24, 1983, added fire department paramedics to the definition of firemen and therefore made paramedics eligible for membership in the Firemen's Fund. Ill. Rev. Stat. 1989, ch. 108½, par. 6—106(a).

According to the workings of the 1983 amendment, paramedics were no longer, after September 24, 1983, permitted to make additional contributions from their salary to the Municipal Fund nor were they provided reciprocity of membership whereby paramedics could transfer benefits from the Municipal Fund to the Firemen's Fund. Rather, plaintiffs were given the option to either (1) withdraw as a refund their contributions from the Municipal Fund, or (2) leave contributions in the Municipal Fund until retirement.

On September 1, 1989, the legislature again amended the Pension Code, by adding section 6—210.1, which provides:

"Any fire paramedic who (1) was transferred from the pension fund established under Article 8 [the Municipal Fund] of this Code to this Fund by operation of Public Act 83—780, and (2) had accumulated service credit in the Article 8 fund for service as a paramedic, and (3) has terminated such Article 8 service credit and received a refund of contributions therefor, may establish service credit in this Fund for such period of service as a fire paramedic under the Article 8 fund by making written application to the Board by January 1, 1992, and paying to this Fund (i) employee contributions based upon the actual salary received and the rates in effect for members of this Fund at the time of such service as a paramedic, plus (ii) interest

thereon at 4% per annum, compounded annually, from the date of termination of such service to the date of payment. The employer shall not be responsible for making any employer contributions for any credit established under this Section." (Ill. Rev. Stat. 1989, ch. 108½, par. 6—210.1.)

Plaintiffs Fred Collins and Michael Spencer, representatives of a group of firemen previously classified as paramedics, challenge the constitutionality of section 6—210.1, alleging that the enactment unconstitutionality diminished certain vested rights protected by article XIII, section 5, of the Illinois Constitution.

On July 11, 1990, the trial court granted the Firemen's Fund's motion to dismiss the complaint, holding that section 6—210.1 did not diminish any vested rights but, rather, created an opportunity for paramedics to participate in greater pension benefits. It is from this order of dismissal that the plaintiffs appeal.

Section 5 of the Illinois Constitution provides that membership in a local government's pension or retirement system is an enforceable contractual relationship, the benefits of which may not be diminished or impaired. (Ill. Const. 1970, art. XIII, §5.) An employee's contractual right in his pension plan vests at the time he becomes a member of the system. (*Kraus v. Board of Trustees of the Police Pension Fund* (1979), 72 Ill. App. 3d 833, 390 N.E.2d 1281.) The terms of this contractual relationship are governed by the version of the Pension Code in effect at the time the employee became a member of the system. *Di Falco v. Board of Trustees of the Firemen's Pension Fund of the Wood Dale Fire Protection District No. One* (1988), 122 Ill. 2d 22, 521 N.E.2d 923.

Plaintiffs claim that their vested rights to receive pension benefits were diminished by section 6—210.1. Defendant, in contrast, contends that section 6—210.1 did not diminish but, rather, enhanced plaintiffs' rights, because before the enactment of section 6—210.1, a paramedic could not transfer his refund to the Firemen's Fund or reinstate his pension credit in the Firemen's Fund by repayment of his Municipal Fund refund. Defendant maintains that the legislature remedied this situation when it enacted section 6—210.1, which now provides paramedics with the opportunity to reinstate the pension credits earned in the Municipal Fund as pension credits in the Firemen's Fund. For the following reasons, we agree with plaintiffs that section 6—210.1 diminished their vested pension rights.

Section 6—209 provides:

"*In computing the service rendered by a fireman on and after the effective date, the following periods shall be counted, in*

*addition to all periods during which he performed the duties of his position,* as periods of service for annuity purposes only: All periods of (a) vacation, (b) leave of absence with whole or part pay, *** (d) leave of absence during which he was engaged in the military or naval service of the United States of America." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 108½, par. 6—209.)

This provision was construed by our supreme court in *Herhold v. Retirement Board of the Firemen's Annuity & Benefit Fund* (1987), 118 Ill. 2d 436, 515 N.E.2d 1240, in considering whether the amendment to the Firemen's Fund adding "fire paramedic" to the definition of "fireman" provided that the entire time a paramedic had been employed in that capacity be recognized in determining his status for the purpose of disability benefits or only the time the paramedic began making contributions into the Firemen's Fund. The court stated that once the words "fire paramedic" were incorporated in the definition of "fireman" paramedics were entitled to be recognized as firemen from the beginning of their service as paramedics. The words "the service rendered by a fireman" and "periods during which he performed the duties of his position" appearing in section 6—209 refer to a person's service and performance of his duties both before and after the amendment to the definition of "fireman" which made paramedics eligible to become members of the Firemen's Fund. In determining that the paramedic should receive benefits computed on the length of his entire time served as a paramedic, the court stated:

"The Board argues that this interpretation of the statutes gives Herhold a windfall because he received a refund of his contributions to the Municipal Fund while at the same time he was not required to compensate the Firemen's Fund for the period he was a participant in the former fund. The Firemen's Fund refused, however, to accept a transfer of Herhold's contribution to the Municipal Fund because the Firemen's Fund had not accepted the Retirement Systems Reciprocal Act [citation]. *** [T]here was no procedure under which Herhold, had he wished to do so, could have transferred to the Firemen's Fund his contributions previously made to the Municipal Fund. At the same time, the Municipal Fund refunded the contributions Herhold had previously made to it based on its position that an employee could not simultaneously participate in that fund and the Firemen's Fund. There is no justification for penalizing Herhold for the manner in which these two pension funds operated because he had no control over their proce-

dures. Moreover, we find incredible the suggestion that it was the intention of the legislature in conferring upon paramedics the advantage of joining the Firemen's Fund to leave them at the same time without benefits for the service they accrued as paramedics before the legislature offered them the opportunity to join that fund." (*Herhold*, 118 Ill. 2d at 440, 515 N.E.2d at 1243.)

Accordingly, the *Herhold* court held that the disabled paramedic in computing service time was entitled to credit for all time employed as a paramedic, including the time when payments were made to the Municipal Fund.

We find no reason to rule otherwise here. When the Municipal Fund refunded the money in 1983, the Firemen's Fund refused to take it. Once plaintiffs received refunds from the Municipal Fund and became members of the Firemen's Fund, their contract with the Municipal Fund ceased to exist and they entered into a new contractual relationship with the Firemen's Fund in 1983. According to the terms of this new contractual relationship, plaintiffs received the rights to have their annuities computed on the basis of their years of completed service. They also received vested rights to the computation of service credits based upon the language of section 6—209. As the *Herhold* court observed, according to the plain language of section 6—209, service credits are to be computed on the basis of the entire time served, including years performing as a paramedic.

■ Now the rule has changed, and according to the terms of section 6—210.1, plaintiffs must tender to the Firemen's Fund their previously unwanted contributions with up to nine years' compounded interest before January 1, 1992, or they will lose service credits for their years serving as paramedics and contributing to the Municipal Fund. We recognize the principles that in construing a statute, there is a presumption that the legislature did not intend to create an unconstitutional statute (*Wiseman v. Elward* (1972), 5 Ill. App. 3d 249, 283 N.E.2d 282), and that where a statute is subject to two constructions, one which would render it unconstitutional, it should be construed so as to uphold its constitutionality if it can reasonably be done. (*Laffoon v. Bell & Zoller Coal Co.* (1976), 65 Ill. 2d 437, 359 N.E.2d 125.) However, while section 6—210.1 enhances the rights of some by allowing them to now deposit their refunds from the Municipal Fund into the Firemen's Fund, we cannot ignore the fact for others this is an impossibility. For those who cannot come up with their refund money plus interest by January 1, 1992, the statute diminishes their vested rights to service credits based on their years of service

including time served as a paramedic. To divest them of that right by the amendatory language of section 6—210.1 is contrary to Illinois law and article XIII, section 5, of the Illinois Constitution.

■ While defendant relies on section 20—118 of the Retirement Systems Reciprocal Act (Reciprocal Act) to support the constitutionality of section 6—210.1, we find the Reciprocal Act inapplicable. Section 20—118 provides:

> "Any employee who shall have waived, by the acceptance of a refund, his pension credit in any *participating* system, may have his pension credit reinstated by repayment of the refund, including interest from the date of refund to the date of repayment, provided (1) the system is authorized by law to receive the repayment, and (2) the employee has completed at least 2 years of service under a *participating* system subsequent to the date of the last refund." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 108½, par. 20—118.)

In order to assert the statutory protections of the Reciprocal Act, a fund must become a "participating" fund by specifically adopting the Retirement Systems Reciprocal Act. (Ill. Rev. Stat. 1989, ch. 108½, par. 20—129.) Although the Municipal Fund is a participating system, the Firemen's Fund is not. When plaintiffs became contributors to the Firemen's Fund, they became vested in that fund and gave up vested rights in the Municipal Fund. Because the Firemen's Fund has not accepted the provisions of the Reciprocal Act, it cannot claim that its members are bound by section 20—118.

Accordingly, for the reasons set forth above, we reverse the decision of the trial court and remand this cause for further proceedings.

Reversed and remanded.

LORENZ and MURRAY, JJ., concur.